GALVESTON, H. & S. A. RY. CO. v. JOHN MUENNINK & SON. (No. 5865.)

(Court of Civil Appeals of Texas. San Antonio. May 16, 1917.)

1. APPEAL AND ERROR ☞1012(1)—REVIEW—FINDING AGAINST EVIDENCE.

Finding manifestly against the great weight and preponderance of evidence requires reversal on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992.]

2. CARRIERS ☞134—INJURY TO SHIPMENT—CONDITION WHEN RECEIVED BY CARRIER—EVIDENCE.

Evidence in action against carrier for injury to shipment of cotton *held* not to show it was in good condition when received by carrier for transportation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592, 607.]

3. CARRIERS ☞132—INJURY TO SHIPMENT—NEGLIGENCE—EVIDENCE.

Presumption of negligence of carrier from goods being received from it in damaged condition is no evidence thereof; the evidence not showing that they were in good condition when received by it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 578–582, 605.]

Appeal from Medina County Court; R. J. Noonan, Judge.

Action by John Muennink & Son, partners, against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

De Montel & Fly, of Hondo, and Baker, Botts, Parker & Garwood, of Houston, for appellant. V. H. Blocker, of Hondo, for appellees.

SWEARINGEN, J. This is a suit by John and F. D. Muennink, appellees, against the Galveston, Harrisburg & San Antonio Railway Company, appellant, to recover damages to 33 bales of cotton shipped August 9th from Hondo, Tex., to Houston, Tex. It was alleged that the cotton was delivered to the railroad company in good condition, and delivered at Houston by the railroad company in its damaged condition, the allegation being that the fact was that the cotton was damaged while in the possession of the railroad company, and the presumption being that its damage was caused by the negligence of the railroad company. The evidence was submitted to a jury, which found for appellees. Judgment was rendered in favor of appellees against appellant for $89.24.

[1] The respective pleadings presented and denied the cause of action above indicated. The evidence showed the shipment and the damaged condition of the cotton when it was sampled and examined at Houston, Tex., for the consignees after it had been delivered by the railroad company. The evidence does not show any negligence of the railroad company; the legal presumption of negligence of carrier of commodities alone being relied upon by appellees. The evidence that the cotton was delivered to the railroad company at Hondo in good condition fails to satisfactorily establish that fact. The finding upon this issue by the jury is manifestly against the great weight and preponderance of the evidence, which requires this court to reverse and remand the case. McCormick v. Jester, 53 Tex. Civ. App. 306, 115 S. W. 278–282; Zapp v. Michaelis, 58 Tex. 275; Choate v. Railway, 90 Tex. 88, 36 S. W. 247, 37 S. W. 319; Railway v. Levine, 87 Tex. 440, 29 S. W. 466; Best v. Kirkendall, 107 S. W. 933.

[2, 3] The undisputed condition of the 33 bales of cotton when received by the railroad August 9, 1915, shown by the undisputed evidence is that the cotton was raised in 1914; that 23 bales of the cotton had been under shelter only part of the period from the summer of 1914 until August 9, 1915; that 10 bales had been under shelter, but one corner of one bale next a door was damaged. When the cotton was delivered to the railroad a bill of lading was made out and delivered to the appellees on which was written:

"21 B. C. ends open, sample holes open, 4 B. C. Bag'n rotten and cotton slightly damaged on ends."

The undisputed evidence further shows that the nature of the damage was "country damage" which had happened long before shipping. How long it would have taken for the cotton to be deteriorated by this "country damage" is not shown.

One of the appellees testified that the 33 bales were, when delivered to the railroad company, not damaged and in good condition, except the one bale above mentioned. This witness testified that 23 bales were under shelter only part of the time since it was baled during the summer of 1914. He does not deny any of the statements found in the bill of lading, nor of his partner. The partner, who was the son of the other appellee, and who handed the bales to the railroad, did not contradict any of the statements contained in the bill of lading. He testified that one of the bales was damaged on the end, and further testified that some of the bales were open on the end, but were not damaged so far as he could tell.

The sampler, Earl Barnes, testified that he sampled 33 bales in the summer of 1914, while they were out on the farm of John Muennink & Son, and made a casual inspection of same again on the platform in Hondo. Some of the bales showed damage.

The evidence fails to show that the cotton was in good condition when received by the railroad company for transportation to Houston. There is no evidence of negligence of the railroad company in handling the cotton. Travis Jones v. Railroad, 193 S. W. 373; Largen v. State, 76 Tex. 323, 13 S. W. 161; American Central Ins. Co. v. Heath, 29 Tex. Civ. App. 445, 69 S. W. 235; Moore v. Sup.

Assembly, 42 Tex. Civ. App. 366, 93 S. W. 1077; T. & N. O. R. R. Co. v. Drahn, 157 S. W. 282; 4 Elliott on Railroads, § 1454, note 11.

The judgment is reversed, and the cause remanded.