PAYNE, Agent, v. TEXAS MERCANTILE CO. (No. 6506.)

(Court of Civil Appeals of Texas. Austin.
Jan. 31, 1923.)

1. Carriers ⊗⟞134—Evidence held to fix liability of carrier for damage to cotton.

Testimony that cotton was delivered to the carrier in good condition, and that it was damaged and in bad condition when it was received by the carrier at the point of destination, with evidence as to the nature and extent of the damage, and the probable cause therefor, is sufficient to fix the liability of the carrier.

2. Appeal and error ⊗⟞1002—Verdict on conflicting evidence not disturbed.

The jury's verdict based on conflicting testimony will not be disturbed on appeal.

3. Witnesses ⊗⟞258—Testimony from records personally kept by witness who had no present recollection is admissible.

Where a witness stated that the record from which he was testifying was made by himself, and that he knew he made it correctly, but that he had no recollection of the facts since it related to the weight and condition of cotton received at a large compress, his testimony from the record was admissible.

4. Witnesses ⊗⟞258—Testimony from records kept under supervision of witness, and believed to be correct, is admissible.

Where a witness stated that the records from which he was testifying had been kept, not by him personally, but in his office, under his supervision, and that he believed them to be correct, since it was his duty to see they were correctly kept, his testimony from the records was admissible.

5. Witnesses ⊗⟞258—Testimony as to damage to cotton from records made by witness held admissible.

Testimony of a witness as to the weight of, and damage to, cotton based upon records made by him personally at the time he inspected the cotton, is admissible against the carrier from whom it was received before the inspection.

6. Witnesses ⊗⟞258—Witness can testify from proper records as to matters of which he has no recollection.

Where the testimony relates to numbers, dates, sales and delivery of goods, weights and the like in respect to which no memory could be expected to be retentive, testimony from proper records is admissible even though the records do not bring the transaction to present recollection.

Appeal from Coleman County Court; L. G. Matthews, Judge.

Suit by the Texas Mercantile Company against John Barton Payne, Agent, and others. Judgment for plaintiff, and named defendant appeals. Affirmed.

Snodgrass & Dibrell, of Coleman, and Terry, Cavin & Mills and Chas. L. Barrow, all of Galveston, for appellant.

Critz & Woodward, of Coleman, for appellee.

BLAIR, J. This suit was instituted by the Texas Mercantile Company, a corporation, against John Barton Payne, as Agent, and Walker D. Hines, Director General of Rail-

roads, under federal control, and substituting Jas. C. Davis for John Barton Payne after his appointment as Agent; appellee alleging that the above-named had possession and control of the lines of railway of the Gulf, Colorado & Santa Fé Railway Company on the dates of the alleged injury to its cotton, shipped over the said railway between the dates of October 30, 1918, and March 20, 1919, and further alleging that appellee delivered the 39 bales of cotton in question to said Director General of Railroads in good condition at the station at Santa Anna, Tex., to be transported by appellant to Houston, Tex., and that, by reason of negligent delay of said cotton by appellant, it was damaged, and delivered to consignee, Gohlman-Lester & Co., Houston, Tex., in a rotten and damaged condition, and was damaged in the sum of $259.61, less the sum of the picked or damaged cotton sold thereafter, after the deduction of the expense of picking same.

The defendant answered by general demurrer and general denial. The demurrer was overruled, and defendant excepted to the action of the court thereon.

The jury's verdict for the sum of $164.02 was returned in favor of appellee against appellant upon special issues. A motion for new trial was filed by appellant, and overruled by the court. Appellant excepted, and here now presents his case for our determination.

We find that John Barton Payne and Jas. C. Davis were appointed agents of the United States government by the Transportation Act of 1920, and that Walker D. Hines was Director General of the Gulf, Colorado & Santa Fé Railway Company's property under government control at the time of the injury to appellee's property. Between October 30, 1918, and March 20, 1919, appellee delivered to the said Director General of Railroads 39 bales of cotton, at Santa Anna, Tex., to be delivered to Gohlman-Lester & Co., at Houston, Tex., appellant issuing therefor bills of lading, by which he contracted to transport said cotton. The cotton was in good condition at the time it was delivered at Santa Anna, Tex., by appellee for shipment, but that said Director General of Railroads negligently transported same with such delay as to cause damage to 19 bales of said cotton while it was in his possession, and that it was damaged in the sum of $164.02 by reason of such negligent delay, said damage being the difference in the market value of the cotton in the condition it was delivered, and the condition in which it should have been delivered, if it had been delivered in reasonably good condition.

[1] By its first and second propositions appellant contends that the trial court erred in refusing to give a new trial, first, because the verdict of the jury is contrary to the evidence, and wholly unsupported thereby, and, second, because the verdict is contrary to the overwhelming weight of evidence to such an extent as to show that the jury was actuated in rendering same by improper motives. We do not think the matter assigned is error. The appellee's witness W. F. Barnes testified that at the time he loaded the cotton it was in good condition. The public weigher, who actually weighed, marked, and loaded the cotton at Santa Anna, testified that it was in good condition at the time of loading and delivery to appellant for transportation. Witnesses Carstens and Coles testified that it was damaged and in bad condition at the time it was received from appellant at Houston, Tex., and one of said witnesses also testified to the nature and extent of such damage, and the probable cause therefor; and we think this evidence sufficient to fix the liability of the appellant herein. Authorities: Cleburne Peanut, etc., Co. v. Mo., etc., Ry. Co. (Tex. Com. App.) 221 S. W. 270; Baker v. Lyons (Tex. Civ. App.) 218 S. W. 1090; Mistrot-Calahan Co. v. Mo., etc., Ry. Co. (Tex. Civ. App.) 209 S. W. 775; Galveston, etc., Ry. Co. v. Muennink & Son (Tex. Civ. App.) 195 S. W. 613.

[2] A jury's verdict, based upon conflicting testimony, will not be disturbed upon appeal. See Vernon's Sayles' Civil & Criminal Statutes 1918, p. 349, and cases cited thereon.

By its third and fourth propositions appellant assigns as error the action of the trial court in the admission of evidence by deposition of H. A. Carstens, A. Coles, and W. S. Clark, as shown by its bills of exception Nos. 1, 2, and 3, contending that said testimony given by each of said witnesses was hearsay, because they each testified from books and records either made by the witness or under the witness' supervision, and that the record showed that neither of said witnesses had any independent recollection of the matter about which he so testified.

[3] The record does not bear out the contention of appellant as to witness Carstens, for he testified as follows concerning the books and records referred to:

"The records that I am testifying from were made by me in person; I also made the personal inspection and made the memorandum at the time said inspection was made, and entries made in the book from which I am testifying. The records from which I am testifying were made by me at the time of the inspection, and not from slips turned in by some other person. It is my duty to keep the records correctly, and there are not several errors in these particular shipments, to my own certain and personal knowledge, having made the record at the time by careful comparison with the cotton. Having made the record myself, I was present all the time. The samples were rolled up by men employed, and I marked each sample for identification immediately after it was rolled up. Answering this part of the question, I have told all that I know about it; that I personally made the inspection, marked the cotton, turned them over to the truck

driver. I never saw the samples in the offices of Gohlman, Lester & Co. after that. I have testified to all the facts that I know about this shipment; also that I had no personal knowledge, but am testifying solely from the records in our office, which I made myself, and know to be correct. It would be impossible for any human mind to remember •the hundreds and thousands of samples that are handled at this compress."

We think the testimony of witness Carstens was correctly admitted.

[4] As to witness W. S. Clark, the record shows his testimony concerning the records and books from which he testified, as follows:

"My name is W. S. Clark; I have resided in Harris county since July, 1913. I am the W. S. Clark who testified in this case before R. M. Love by deposition on September 11, 1920. I had all the bills of lading before me at the time I gave my deposition September 11, 1920, before R. M. Love as notary public. I did not handle the waybills in connection with the shipment, but did have the waybills when testifying. * * * I did not personally keep the records, books, and papers of the Houston Belt & Terminal Railway Company, but they were kept under my personal supervision. * * * The books and records were under my supervision, but not kept by me; testimony was made from the records and the books were kept by employees at the station; and, to the best of my knowledge and belief, the records from which I testified were correctly kept. The records are permanent records of the Houston Belt & Terminal Company, and I have no authority to remove them from my office. This was made at the time of handling the shipment and at the time of inspection. To the best of my knowledge and belief, the records were correctly complied. If these records had been incorrect I would have found it out by other information since the date of handling same."

We also think that the testimony of W. S. Clark was correctly admitted by the court.

[5] As to witness A. Coles, we find that he testified as follows concerning the record and books from which he refreshed his memory, or from which he testified:

"My name is A. Coles; age 46; residence, Houston, Tex.; have resided in Harris county 39 years; I weighed this cotton on arrival at the Magnolia Compress of this city; I did not see this cotton upon its arrival at Houston. My first connection with the cotton was after it was unloaded at the Magnolia Compress; I inspected this cotton when I weighed it; I saw all of the cotton in question at that time; I cannot go into particulars as to the damaged

248 S.W.—6

cotton, but it was marked damaged at the time it was first weighed; I cannot give the nature nor extent of the damage to this cotton; all I can give is the weight of this cotton and the reweight after it was picked; I cannot state positively what was the cause of this damage to the cotton but it was my opinion that same was caused by water. The largest percentage of damage to cotton is caused by water, either before or after same is picked for shipment. Whenever water gets to cotton it starts to rot, and will continue to do so until the damaged part is picked off it; I weighed this cotton on its arrival at the press and supervised the reweighing after the cotton was picked. * * * This record is made from the record made by me at the time of weighing the cotton, and when I supervised its reweighing."

[6] We think the testimony of witness A. Coles was properly admitted by the court. It has been held in numerous cases in Texas that, where the record from which a witness is testifying is shown to be correct, either at the time it was made or by subsequent events proving its correctness, or whether the record was kept personally by the witness or under his supervision, testimony based thereon is admissible in regard to numbers, dates, sales, and delivery of goods, weights, payments, and accounts, and the like, in respect to which no memory could be expected to be sufficiently retentive without depending upon memoranda, and, even though the memoranda would not bring the transaction to present recollection, the testimony is admissible. In such cases, if the witness on looking at the writing is able to testify that he knows the transaction took place, though he has no present memory of it, his testimony is admissible. Authorities: So. Pac. Ry. Co. v. C. H. Cox Co. (Tex. Civ. App.) 136 S. W. 103, and authorities cited thereunder; American Rio Grande Land & Irrigation Co. v. Mercedes Piantation Co. (Tex. Civ. App.) 155 S. W. 286; Kansas City So. Ry. v. Rosebrook-Josey Grain Co. (Tex. Civ. App.) 114 S. W. 436; St. L. S. W. Ry. v. Mitchell (Tex. Civ. App.) 127 S. W. 876; Galveston, etc., Ry. v. Quilhot, (Tex. Civ. App.) 123 S. W. 200.

Appellant's fifth proposition, complaining of the action of the court in refusing to peremptorily instruct the jury for a verdict in its behalf, has been passed upon by us in this case under propositions 1 and 2, and we will not reiterate the matter here.

We are of the opinion that there is no error of sufficient merit to warrant us in reversing this case; and it is therefore affirmed.

Affirmed.