## ST. LOUIS SOUTHWESTERN RY. CO. v. TEXAS PACKING CO.    (No. 6589.)

(Court of Civil Appeals of Texas. Austin. April 25, 1923. Rehearing Denied June 6, ·1923.)

1. **Appeal and error ☞762—"Reply brief," not amending original brief, not considered, where not filed within time required; "amendment."**

A "reply brief" not referring to or amending any proposition or point made in the original brief, but presenting propositions not mentioned or relied on, and restating a proposition therein, *held* not an amendment thereto, as authorized by rule 38 (142 S. W. xiii), but a new brief, which cannot be considered, where not filed within the time required.

[Ed. Note.—For other definitions, see Words and.Phrases, First and Second Series, Amend—Amendment.]

2. **Appeal and error ☞766—Amended brief, filed without court's permission, not considered.**

An amendment to appellant's original brief cannot be considered, where filed without obtaining permission of the court, as required by rule 38 (142 S. W. xiii).

3. **Carriers ☞135—Damages computed on basis provided by contract properly allowed, though not pleaded, and defendant not notified.**

In an action against a railroad for damages to dressed poultry shipped under a contract providing for computation of damages on the bona fide invoice price to consignee at the time and place of shipment, plaintiff was properly allowed , damages computed on such basis, though he did not notify defendant that they would accrue, and did not plead them as required in order to recover special damages.

4. **Carriers ☞153—Provision for computation of damages to shipment on invoice price to consignee held valid.**

A provision, in a bill of lading on a shipment originating prior to the Cummins Amendment (U. S. Comp. St. § 8604a), that damages for loss would be computed on the bona fide invoice price to consignee at the time and place of shipment, *held* valid and binding on the carrier.

5. **Carriers ☞135—Ordinary measure of damages to goods in transit held inapplicable.**

In an action against a railroad for damages to dressed. poultry shipped before the Cummins Amendment (U. S. Comp. St. § 8604a), under a bill of lading providing for computation of damages on the invoice price to consignee at the time and place of shipment, the measure of damages was not the difference in the market value of the property in the condition in which it should have arrived and that in which it did arrive at the place of destination, but the amount computed on the basis of such stipulation.

6. **Evidence ☞179(2)—Copy of freight bill held admissible to show receipt of goods at destination in bad condition and carrier's receipt of freight charges.**

In an action against a railroad for damage *to* goods in transit, where it was shown that the original freight bill had been delivered to defendant to obtain the release of the goods at destination, a copy thereof *held* admissible to show that the goods were received in bad condition as therein noted, as well as defendant's receipt of the freight charges.

7. **Witnesses ☞37(3)—Expert testimony as to how cars containing goods damaged in transit were loaded held admissible.**

In an action against a railroad for damages to goods in transit, testimony of an expert in the preparation and loading of such goods for shipment as to how cars in which they were shipped were loaded and handled *held* admissible, though, because of the numerous cars shipped, he did not remember how any specific car was loaded, other than that they were all treated and prepared in the same manner.

8. **Evidence ☞179(3)—Copy of invoice held admissible in action for damages to goods shipped.**

In an action against a railroad for damages to goods shipped under a bill of lading providing for computation of damages on the basis of the invoice price to consignee at the time and place of shipment, where it was shown that the original invoice was delivered to consignee attached to the bill of lading and draft, a copy thereof was admissible.

9. **Carriers ☞131—Petition held sufficient to authorize recovery of interest in action for damages to goods in transit.**

In an action against a railroad for damages to goods in transit, the petition praying, in the body and in the prayer for relief, for judgment for the difference between the invoice price and the value of the goods in their

---

damaged condition at destination in a certain sum, with interest from date of shipment, *held* sufficient to authorize recovery of interest as damages.

**10. Carriers** &curren;**135—Interest recoverable as damages for loss of goods in transit.**

Interest is recoverable as damages for loss of goods in transit by reason of the carrier's negligence.

### On Motion for Rehearing.

**11. Appeal and error** &curren;**719(8)—Judgment not disposing of all defendants may be reviewed, though not assigned as error.**

Failure of the judgment to dispose of all the defendants is jurisdictional, and constitutes fundamental error, which may be reviewed at any time, if apparent of record, whether assigned as error or not.

**12. Dismissal and nonsuit** &curren;**24—Amendment of pleadings to assert cause of action against only one of several named defendants amounts to dismissal as to others.**

Where the record discloses two or more named defendants, plaintiff's amendment of the pleadings before trial, so as to assert a cause of action against only one, is tantamount to a dismissal or continuance as to all others, and a judgment thereafter rendered is final as to all; no formal dismissal being required.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by the Texas Packing Company against the St. Louis Southwestern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

S. P. Ross, of Waco, for appellant.

Sleeper, Boynton & Kendall and R. O. Stotter, all of Waco, for appellee.

BLAIR, J. Appellee brought this suit against appellant for the recovery of damages growing out of a shipment of dressed poultry from Waco, Tex., to Albany, N. Y., but which was rerouted over certain other railways, by agreement, to Chicago, Ill., as final destination. The shipment was on a bill of lading which contained the following stipulation:

"Ice to full capacity at Waco, with crushed ice, adding 12 per cent. salt; re-ice at all regular icing stations with crushed ice, using 12 per cent. salt."

Appellee alleged that the shipment originated January 3, 1911, and further that, in order to preserve the poultry shipped, the car was required to be iced at regular intervals, which fact was indorsed on the bill of lading as above stated; further alleging that appellant and its connecting carriers negligently failed to keep the car of poultry properly iced, and by reason thereof the poultry was damaged and spoiled when it reached Chicago; that the invoice value of the shipment at Waco, at the time of shipment, was $3,788.31, and that its value at destination, in its damaged condition, was not more than $1,745.81; and appellee prayed for judgment for the amount of its damage, the difference in the invoice price and the value of the goods in their damaged condition at Chicago, in the sum of $2,042.50, with interest, and pleaded further that the bill of lading issued to cover the said shipment provided that the amount of loss or damage to the property was to be based upon the bona fide invoice price to consignee.

Appellant answered by a plea that appellee was incapacitated from maintaining suit, and by general denial, and further by a special answer that it had fully complied with its contract, and had re-iced said car at all points, and that the damage, if any, to appellee's goods, was due to appellee's failure to properly treat said poultry previous to the time it came into appellant's possession. A jury verdict was returned for appellee, and judgment was entered thereon for the sum of $3,362.95, with interest from the date of the judgment. Appellant's motion for a new trial was overruled, to which action of the court it excepted, and here now presents its case, in due form, for our determination.

The proof shows that on January 11, 1911, appellee, a private corporation, delivered appellant railway company 82 barrels of dressed poultry, weighing 22,129 pounds, for shipment to New York, which was later, by agreement, diverted to Chicago, for which shipment appellant issued its bill of lading, whereby it agreed to carry the same to final destination. Written on the bill of lading was appellant's agreement to re-ice the car of poultry, with crushed ice and salt at regular intervals while in transit. This appellant negligently failed to do, and the poultry was thereby damaged by reason of the temperature in the car rising, causing the poultry to spoil, and much of it was worthless upon arrival at destination. The bill of lading further provided that:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property, being the bona fide invoice price, if any, to consignee, including the freight charges, if prepaid, at the place and time of shipment under this bill of lading. * * *"

The invoice price of the goods at Waco, at the time of shipment, was $3,788.31. A great deal of the property was totally worthless, being spoiled at the time it reached destination, and the health authorities refused to permit it to be sold, and had it destroyed. However, there was some of the property, though worthless for the general market, that was taken by a cold storage company, and, as testified to by witnesses, sold to cheap restaurants, bringing the sum

of $1,745.81, leaving a total loss of $2,042.50, being the difference in the invoice price of the goods at Waco at the time of their shipment and the price which the goods were sold for in their damaged condition after reaching Chicago.

[1] Along with the submission of this case, we took under consideration appellee's motion to strike out what it termed appellant's "reply brief"; appellee contending that such was prohibited by rule 38 of this court. The so-called reply brief was filed on April 2, 1923, and the case was submitted on the 4th of April, 1923. It is not a reply or an amendment to any proposition or point of law contained in appellant's original brief filed herein on February 9, 1923, but presents two propositions not mentioned or relied upon in the original brief, and restates one proposition the same as it was in said original brief. No additional authorities are cited in support of any proposition made or pointed out in the brief filed as of February 9. Rule 38 (142 S. W. xiii) provides:

"Such brief may be amended by a citation of additional authorities to the respective points or propositions made in it, which must be filed and notice of it given to the counsel for the opposite party, if in attendance, one day before the case is called. No other amendment to the brief shall be allowed by the court, unless it is or can be done without injustice or unreasonable inconvenience being thereby imposed on the other party."

[2] We are of the opinion that the so-called reply brief is not an amendment to the brief on file, since it in no manner refers to or amends any proposition or point made in the original brief, but is in itself a new brief, and cannot be considered by us, because it was not filed within the time required by law for filing briefs. Even if we were to construe it to be an amendment to the original brief, which we do not, it could not be considered because appellant failed to comply with rule 38 above quoted, in that it failed to obtain permission of this court to file the same. We therefore sustain appellee's motion to strike out this brief, filed April 2, 1923.

[3, 4] Appellant's first and second propositions, complaining of the action of the trial court in permitting appellee a recovery of alleged special damages without having given notice to appellant that same would accrue to said shipment, and without having properly pleaded the same, are without merit. Appellee sued herein upon a stipulation in the contract of shipment that the amount of damages for any loss to the property would be computed upon the bona fide invoice price of the property to consignee at the time and place of shipment. Appellee pleaded and proved the contract and the invoice price of the goods, and that the invoice price of the goods less the amount of the sale of the damaged property not totally destroyed at destination, was the full amount of its damages. The court merely enforced the contract, and the damages computed based thereon are not special damages such as require notice before a recovery may be had. The Supreme Court, in the case of Gulf, Colorado & Santa Fé Ry. Co. v. Texas Packing Co., 244 U. S. 31, 37 Sup. Ct. 487, 61 L. Ed. 972, upheld the provisions of bills of lading relied upon in this case. After the date of this shipment, by Act March 4, 1915, by what is known as the Cummins Amendment (U. S. Comp. § 8604a), provisions in bills of lading like the one herein relied upon were prohibited; but this shipment, having originated long prior to said amendment, is not affected thereby, and the contract relied upon is valid and binding upon appellant.

[5] Appellant's third proposition, that the measure of damages herein should have been the difference between the market value of the poultry shipped, in the condition in which it should have arrived in Chicago, and its market value in the damaged condition in which it did arrive, is not well taken, as this suit is based upon a special contract as to the basis of damages, if injury resulted to the goods while in transit. Had it not been for the stipulation in this bill of lading, the ordinary measure of damage in this class of case would have been the difference in the market value of the property in the condition in which it should have arrived at the place of destination, and its market value in the condition in which, by reason of the negligence of the carrier, it did arrive. The stipulation of the bill of lading changed this rule, in the requirement that the invoice price at the place of shipment would be the basis of assessing damages. Therefore appellant's contention is without merit, in view of the fact that such provisions in bills of lading were not prohibited until after the date of this contract.

[6] By its fourth proposition, appellant contends that the court erred in admitting a copy of the freight bill issued by it in this case, on the ground that the same was secondary and not the best evidence. The freight bill introduced in the regular one issued by carriers, with the contract of shipment written thereon, and near the bottom was printed the word "Copy." It also contained a statement that the freight charges had been paid, and acknowledged receipt of the same. There was no proof that it was a copy, other than the mere printing of the word "Copy," as above stated. It was delivered to appellee by appellant upon request. It was admitted for the purpose of proving the declarations of appellant noted thereon that the goods were received at destination in bad condition, as well as the receipt of the freight charges which appellee paid.

We are of the opinion that the freight bill was admissible in evidence under the state of this record; it having been shown that the original had been delivered to appellant to obtain the release of the goods at destination.

[7] Appellant's fifth proposition, that the court erred in permitting a witness to testify as to how the cars in which dressed poultry was shipped by appellee were handled, as being immaterial, it being shown that the witness could not remember particularly about the car in controversy, is not sustained. The evidence shows that the witness was an expert in the matter of preparing and loading dressed poultry for shipment. This witness further testified that he was in the employ of appellee at the time this shipment went forth, and that he did superintend personally the loading of this car, and that it was loaded as all other cars, but that because of the numerous cars shipped he could not remember any specific car as to how it was loaded other than that they were all treated and prepared in the same manner; that he knew this car was so loaded, because he prepared this one along with others for shipment. We are of the opinion that the court properly admitted the testimony. It has been held that the acts and conduct of an employee, in the general and ordinary transaction of business, about matters which no mind could be sufficiently retentive to remember, is admissible, after it has been shown that the transaction took place, even though the specific act could not be brought to the present memory of the witness so testifying. Payne v. Texas Mercantile Co. (Tex. Civ. App.) 248 S. W. 79, and cases cited thereunder.

[8] Appellant's sixth proposition that the court erred in permitting a witness to testify that an instrument was a copy of an invoice of the shipment in controversy, and based upon such testimony permitted it to be introduced in evidence, on the ground that it was secondary and not the best evidence, is without merit. The contract of shipment provided that the basis of damages, if any, to the shipment was to be fixed as shown by the bona fide invoice price of the goods to consignee at the time and place of shipment. A copy of the invoice was introduced, after it was shown that the original had been delivered to consignee attached to the bill of lading and draft. We are of the opinion that any invoice, regardless of whether it was a copy or original, which was proven to be a bona fide invoice of the goods so shipped, would have been admissible in evidence under this contract. We are further of the opinion that, the original having been accounted for, and that it was not in the possession of the appellee, a copy thereof was admissible.

[9, 10] Appellant's seventh assignment is not well taken. Appellant complains that the trial court erred in permitting appellee to recover interest as damages upon the ground that it was not sufficiently pleaded. We are of the opinion that it was pleaded sufficiently, for appellee, both in the body of its petition and in its prayer for relief, prayed that it might be awarded interest as damages from the date of the shipment. The court submitted the question to the jury, and they found for appellee thereon. Interest is recoverable as damages for loss of goods while in transit, by reason of the negligence of the carrier.

We are of the opinion that there is no error in this judgment, and the same is hereby affirmed.

Affirmed.

### On Motion for Rehearing.

[11] Appellant insists, in its motion for a rehearing, that we were in error in affirming this case, and that the appeal should be dismissed, because no final judgment was rendered against all of the defendants to the suit. Although no assignment was urged in the original brief of appellant as to this particular matter, yet, if it be true, as alleged, that it is apparent of record that all of the defendants to the litigation were not disposed of by the judgment, the question is jurisdictional and constitutes a fundamental error, which may be reviewed at any time by an appellate court, whether or not it is assigned as error.

[12] We are, however, of the opinion that the record presents no such error as complained of. The original suit was filed by appellee, on June 20, 1911, and named only the St. Louis Southwestern Railway Company of Texas as defendant. Thereafter, on the 31st day of July, 1911, appellee, by a supplemental petition, made the Wabash Railway Company and the Illinois Central Railway Company parties defendant. All of these defendants answered by the same attorneys of record; hence there could be no cross-claim by one defendant over against the other. Still later, on October 26, 1915, appellee filed its amended petition, in which it only alleged a cause of action against the original defendant, St. Louis Southwestern Railway Company of Texas, neither of the other two defendants being mentioned. The last amended petition was styled Texas Packing Company v. St. Louis Southwestern Railway Company of Texas. The court in its instruction to the jury used the singular noun "defendant"; the pleadings in the case used the singular noun "defendant"; and appellee's motion for a new trial used the singular noun "defendant" in describing the party defendant to this suit. In fact the whole record discloses that the trial was conducted as if the only defendant was the St. Louis Southwestern Railway Company

of Texas, with the exception of a specially requested charge by the Wabash Railway Company, which sought an instruction to the jury that it would be liable only for such damages as were sustained to appellee's goods while they were in its actual possession. This charge was refused by the court. We are of the opinion that where the record discloses that there are two or more defendants named in a suit, and the plaintiff, before trial, amends the pleadings relied upon for a recovery, asserting a cause of action against only one of the defendants, it is tantamount to a dismissal or discontinuance as to all other defendants, since the Texas statutes do not require a formal dismissal of a suit. San Antonio & Aransas Pass Ry. Co. v. Mohl (Tex. Civ. App.) 37 S. W. 22; 18 C. J. 1166.

After a careful examination of appellant's motion for a new trial, we are of the opinion that the same should be overruled.

Overruled.