## EVANS v. GARRISON et al.
### No. 5342.

Court of Civil Appeals of Texas. Amarillo.
Oct. 27, 1941.

Vickers & Campbell, of Lubbock, for appellant.

Levens & Benson, of Lubbock, and Jack H. Little, of Amarillo, for appellees.

STOKES, Justice.

Appellant, Henry D. Evans, filed this suit against three truck lines, seeking to recover damages for loss of merchandise shipped from Borger to Anton in October, 1937. The merchandise was delivered to Westerfield Truck Lines at Borger and by it transported to Amarillo, where it was delivered to Dalby Motor Freight Lines. The Dalby Lines transported it to Lubbock where it was delivered to the Garrison Truck Line, the latter line being owned and operated by Lizzie B. Garrison and her daughter, Hada Mae Mann. The record shows that the merchandise, which constituted a portion of a stock of dry goods, was delivered to the Westerfield Lines at Borger in good condition and when it arrived at Anton a number of the boxes had been broken open, pillaged and a considerable portion of the merchandise was missing. It is conclusive from the testimony that the damage and loss of the property occurred while it was in possession of the Garrison Truck Line.

A jury was impaneled to try the case but at the close of the testimony the court instructed the jury to return a verdict in favor of the defendants and upon the return of such verdict the court entered judgment that plaintiff take nothing by his suit. Appellant filed and urged a motion for a new trial, which was overruled, and he has perfected an appeal to this court.

The first contention presented by appellant is that the court erred in sustaining appellees' objections to the intro-

660

duction in evidence of the freight bills. The testimony shows that when the merchandise arrived at Anton appellant made notations on some of the freight bills to the effect that certain boxes had been broken open; that they had been pilfered and some of the merchandise was missing. These notations were signed by the truck drivers who were the employees and agents of the defendant Garrison Truck Line and the notations were made and signed at the time the merchandise was delivered. The appellees objected to the introduction of the freight bills with the notations thereon upon the ground that the notations had been made by appellant; that they were self-serving and appellees were not bound thereby. In this ruling the court committed error. The freight bills and the notations thereon signed by the truck drivers were admissible in evidence, not only to prove the goods had been shipped over the lines of appellees but also that the shipment was received at destination in bad condition. Their delivery to appellant by the truck drivers and the signing of the notations thereon were acts which constituted part of the res gestae, and the court erred in refusing to permit appellant to introduce them in evidence. St. Louis S. W. Ry. Co. v. Texas Packing Co., Tex.Civ.App., 253 S.W. 864.

█ Appellant next complains of the refusal of the court to permit him to introduce in evidence an exhibit which he alleges constituted a list of the merchandise that was lost or destroyed in the shipment. He contends that this list proved the articles of merchandise and also their value. The list offered by appellant appears to be a copy of the list delivered to the Garrison Truck Line by appellant in connection with his claim for the damage and loss of his property. It was compiled by his employees who were the clerks in charge of packing the merchandise at Borger and unpacking the same at Anton. We do not think the list offered by appellant was admissible in evidence. It was not compiled by him and no testimony was offered to the effect that it was a correct list of the missing and damaged merchandise. One of his clerks testified that she supervised the packing of a portion of the merchandise at Borger and that she supervised the unpacking of a portion of it at Anton. No other testimony was offered as to the identity of the articles and the copy of the list offered by appellant, of itself,

was not evidence of anything. St. Louis S. W. Ry. Co. v. McLeod, Tex.Civ.App., 115 S.W. 85. Moreover, the only testimony offered as to the market value of the lost and damaged merchandise was that which is shown upon the list to be the wholesale prices paid by appellant when he purchased it from the wholesale companies. It was not shown when it was purchased nor that the prices paid therefor were the market value at the time it was lost. Appellant testified that the retail prices were fifteen to twenty percent higher than the wholesale prices, but there was no testimony of the market value of the articles at Anton. The rule is well established in this and all other jurisdictions as far as we know that the measure of damages in cases of this kind is the market value of the property lost and, in case of damaged property, the difference in its market value in good condition and its market value in the condition in which it was received. No witness offered any testimony as to either of these and appellant was, therefore, not entitled to recover. St. Louis, S. F. & T. Ry. Co. v. Henderson Cut Stone Co., Tex.Civ.App., 275 S.W. 603.

Appellant contends that he was entitled to recover under the doctrine announced in the case of St. Louis S. W. Ry. Co. v. Texas Packing Co., Tex.Civ.App., 253 S.W. 864. The court held in that case that the measure of the plaintiff's damages was the invoice price of the property to the consignee at the time and place of shipment. That holding was based upon a stipulation in the shipping contract that the amount of damages for any loss should be computed upon the bona fide invoice price of the property and the court so held because of the stipulation and agreement of the parties before the shipment was made and the loss occurred. There was no such stipulation in the shipping contract in the instant case and it was not shown the property did not have a market value. Appellant not having offered any evidence of the market value, he was not entitled to recover against appellees. The court below, therefore, properly instructed the jury to return a verdict against him.

█ Appellant was entitled to recover only upon a proper showing in the testimony that the merchandise was lost and damaged by appellees and competent evidence as to its market value at Anton. While the court erred in refusing to permit him to introduce the freight bills,

yet he wholly failed to establish the market value of the lost property or the difference in the market value of the damaged property before and after it was damaged. He, therefore, failed to prove one of the essential elements of his case and, under such circumstances, this court is not authorized to reverse the judgment merely because the record discloses that an error was committed. Texas Employers Ins. Ass'n v. Kennedy, 135 Tex. 486, 143 S.W.2d 583; Waterman Lbr. Co. v. Beatty, 110 Tex. 225, 218 S.W. 363; Simmons v. Dickson, 110 Tex. 230, 218 S.W. 365.

We have carefully examined all of the contentions made by appellant and, in our opinion, the judgment should be affirmed.