Texas and Pacific Telephone Company v. A. A. Prince.

Decided June 25, 1904.

### 1.—Telephone Company—Injury from Wire Left in Street—City's Concurring Negligence.

In an action against a telephone company for personal injury resulting from one of its wires being left in the street, it was not error to exclude evidence of the incorporation of the city and that it suffered the streets to remain obstructed by wires and rubbish, since the city's negligence did not relieve defendant from the consequences of its own negligence certainly and proximately contributing to plaintiff's injury.

### 2.—Same—Declaration of Agent Held Admissible.

It was not error for the court to admit testimony that one V., defendant's local agent, when shown the wire in question, said, "That is our wire," since the evidence, which is set out in the opinion, was sufficient to establish V.'s agency.

### 3.—Same—Contributory Negligence—Failure to See Wire.

It can not be held contributory negligence for plaintiff, walking along the sidewalk of a street, to fail to observe a wire hanging down and across the sidewalk which he could have seen by observing closely, where nothing in the evidence indicates that he should reasonably have contemplated an obstruction of that character.

Appeal from the District Court of Nolan. Tried below before Hon. Jas. L. Shepherd.

W. K. Homan and Beall & Beall, for appellant.

W. L. Grogan and Ragland & Crane, for appellee.

CONNER, Chief Justice.—Appellee Prince sued appellant, the Texas and Pacific Telephone Company, for damages alleged to have been sustained by him as the result of a fall occasioned by becoming entangled in a wire negligently left in the streets of the town of Sweetwater by the defendant. He alleged that in endeavoring to break the force of the fall he cut his thumb, causing the joint to become stiff, which thereby permanently incapacitated him from pursuing his occupation as a saddle and harness maker. Defendant demurred generally and specially, and in addition to the general denial, pleaded contributory negligence. A trial resulted in a judgment, November 26, 1903, in favor of the plaintiff for $450, from which defendant has appealed.

The court sustained appellee's exception to so much of appellant's answer as alleged the incorporation of the town of Sweetwater, and that, at and prior to appellee's injury, "the streets of said town were suffered to be and remain obstructed by wires and tin and iron rubbish;" to which appellant assigns error, "in that said portion of the answer presented matter tending to show that the town of Sweetwater, or other agencies than defendant, were responsible for the presence on the streets of said town of obstructions such as resulted in the injury complained of by plaintiff." The court also excluded testimony offered by appellant in support of these allegations. The propositions asserted by appellant under its complaints of these several rulings are

to the effect that it was the duty of the town of Sweetwater, and not of appellant, to keep the streets and sidewalks clear of obstructions, and that the testimony was admissible on the issue of contributory negligence and "in rebuttal of plaintiff's theory that the wire in controversy was placed in the street by defendant or its employes."

We find no substantial merit in these contentions. The specific ground of negligence alleged as the basis of appellee's right of recovery was that appellant, "while engaged in repairing and enlarging its telephone system in the town of Sweetwater, Texas, carelessly, negligently, and contrary to its duty to the public, left a wire in the public and traveled street of said town." And the jury under the charge of the court was not authorized to find for appellee without finding the truth of these averments. If, then, it be conceded that Sweetwater was an incorporated town; that it was guilty of negligence in permitting the obstruction, and liable to appellee for the consequences, appellant is not thereby relieved from the consequences of negligence of its own, which certainly and proximately contributed to appellee's injury. The evidence may possibly tend to show that the wire had been left in the street by some person other than appellant, and hence to rebut appellee's theory that it was done by appellant. But if so, in view of its slight probative force and of the evidence admitted, some of which was of like tenor, we do not think that the judgment should be reversed on this ground. Appellee's evidence was to the effect that appellant's local manager at Sweetwater had been engaged in repairing or removing some of its telephone wires from a "guy" pole at the point of appellee's injury about the time thereof, and that the wire over which appellee fell had one end thereof attached to said guy pole, the other end being left lying across the sidewalk; said local manager when shown the wire said "that is our wire;" appellant was permitted to prove by its witness Earnest Keithly that he "gathered up a good many pieces of wire about the streets of Sweetwater in the January succeeding." R. M. Webb, appellant's general manager, testified: "I know there were loose pieces of wire about the town of Sweetwater at the time (September, 1902) we purchased the telephone line and exchange." So that on the whole we think, as indicated, that appellant's second and fourth assignments of error should be overruled.

The assignments of error most vigorously urged in oral argument on the submission of this cause are the third and twelfth. Appellee was permitted, over appellant's objection, to prove by two witnesses that its local manager, E. L. Veal, when shown the wire in question stated, as hereinbefore quoted, "That is our wire," and appellant requested special charge to the jury to disregard the statement, which charge was refused.

There is evidence to the effect that said E. L. Veal presented and collected bills of account for the appellant company; was introduced by Webb, the general manager who lived in Big Springs, as the "gentleman who would be left in charge of defendant's business in Sweetwater;"

that he had "charge of the construction and repair of the lines;" and that soon after the accident the general manager wrote to Veal to see appellee "and get a statement from him on the matter." It does not appear that appellant had any other local officer or manager at Sweetwater, and we conclude that the evidence as a whole shows that Veal was clothed with such power and authority from appellant as rendered his said declaration admissible. See 2 Whart. on Ev., sec. 1171; Standefer v. Aultman & Taylor Mach. Co., 34 Texas Civ. App., —, 78 S. W. Rep., 552. He not only seems to have been chief in authority at Sweetwater, but was specially commissioned to interview appellee for a purpose presumably beneficial to appellant. It may have been reasonably supposed by Veal to be necessary to the end sought to make the statement objected to in order to assure appellee that he was not a mere intermeddler, but was entitled to a full and fair statement from appellee of all the circumstances. At any rate the declaration appears to be an integral part of the performance of the duty specially authorized. Besides, the evidence exclusive of Veal's statement leaves little if any room to doubt that the wire causing the accident was that of appellant. The testimony supports the conclusion that one end of the wire over which appellee fell was attached to appellant's guy pole, from which Veal confessedly removed wire about the time of the accident, and no testimony is found contradicting this.

Error is also assigned to the action of the court in failing to submit the issue of contributory negligence, and in refusing a special charge thereon. We do not think the evidence raises the issue. The testimony is to the effect that plaintiff was walking along the sidewalk on one of the principal streets of Sweetwater about 6 o'clock in the morning when he fell over the wire in question. There is nothing whatever to indicate negligence on appellee's part, although he testified that he might have seen the wire had he been looking. But there is nothing in the evidence indicating that appellee should reasonably have contemplated an obstruction of the character met with. It certainly can not be affirmed that a party is guilty of negligence because of a mere failure to closely scrutinize the sidewalks of a city. At least it is not apparent that a duty rested upon appellee to do so under the circumstances in this case, and his failure to do so can not, we think, support the contention of contributory negligence.

There are other assignments, but as presented we find no error in them, nor necessity for discussion, and all are accordingly overruled.

Believing that the material allegations of appellee's petition are sustained by the evidence, and that there is no reversible error, the judgment is affirmed.

*Affirmed.*

Writ of error refused.