## FARMERS' MILL & ELEVATOR CO. v. HODGES et al.   (No. 522–3982.)

(Commission of Appeals of Texas, Section A. April 2, 1924.)

**1. Appeal and error ⊗⟹1172(1)—No severable issue involved authorizing reversal in part only.**

Where the matter in controversy was damages for breach of contract to purchase plaintiff's crop of maize at a stated price, the Court of Civil Appeals erred in affirming the cause as to all issues except the market value of the maize and reversing and remanding the cause for the purpose of ascertaining the market value, as there were no severable issues within Court of Civil Appeals rule 62a, providing that if an error affects a part only of the matter in controversy and the issues are severable the judgment shall only be reversed and a new trial ordered as to that part.

**2. Evidence ⊗⟹121(9)—Testimony of conversation regarding value of grain admissible as part of res gestæ.**

In an action for damages for breach of a contract to purchase grain plaintiffs' testimony as to what an agent of defendant told them regarding the market value of the grain at the time he refused to accept the grain *held* admissible as part of the res gestæ.

**3. Evidence ⊗⟹113(7)—Evidence as to market price based on estimate that was merely a guess held inadmissible.**

Where witness testified that he did not remember what the price of maize was on the date defendant refused to accept plaintiff's maize, January 14, 1921, his testimony that between Sept. 13, 1920, and the middle of January, 1921, the market value of maize declined from 30 to 50 cents per hundred *held* inadmissible, such an estimate being merely a guess.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by C. D. Hodges and others against the Farmers' Mill & Elevator Company. A judgment for plaintiffs was affirmed in part and remanded in part by the Court of Civil Appeals (248 S. W. 72), and defendant brings error. Judgments of Court of Civil Appeals and district court reversed, and cause remanded to district court.

Underwood, Jackson & Johnson, of Amarillo, for plaintiff in error.

Veale & Lumpkin, of Amarillo, for defendants in error.

BISHOP, J. Plaintiff in error, Farmers' Mill & Elevator Company, through its manager, R. C. Lawver, on September 13, 1920, entered into a contract with the defendants in error, C. D. Hodges, B. W. Hodges, and J. N. Hodges, whereby it purchased from them their crop of maize which was not then threshed, estimated at 3,000 bushels, less 400 bushels which they were to retain for feed, at the agreed price of $1.50 per hundred pounds, as evidenced by the following instrument in writing executed by R. C. Lawver for and in behalf of said company and by C. D. Hodges for himself, B. W. Hodges and J. N. Hodges, to wit:

"White Deer, Texas, September 13, 1920.

"This confirms purchase of crop of maize, estimated to be around 3,000 bu., 400 bu. to be retained for feed from C. D. Hodges & B. W. Hodges & J. N. Hodges, at $1.50 per hundred, to be delivered as soon as can be threshed in good shape.          [Signed]   R. C. Lawver,
                                           "C. D. Hodges."

This maize was raised by C. D. Hodges and B. W. Hodges on land belonging to their father, J. N. Hodges, under a rental agreement whereby their father was to receive one-third of the maize as rent. C. D. Hodges and B. W. Hodges each rented separate tracts of land from their father, and were not interested jointly in the maize raised. They threshed this maize about November 20, 1920, and then offered to deliver to plaintiff in error, 2,600 bushels under their agreement, and were advised that it could not take it at that time, and that it would notify them when to make delivery. Having received no further notice they again on January 14, 1921, took the matter up with its manager, Lawver, and he refused to accept delivery of the maize, without giving any reason for the refusal other than that maize at that time was only worth 60 cents per hundred pounds.

Defendants in error filed suit for damages for breach of this contract, and on trial recovered a judgment for $1,170 rendered on the verdict of a jury on special issues. The only evidence introduced as to the market value of maize at the time the contract was breached by plaintiff in error was the statement of the manager, Lawver, that maize was only worth 60 cents per hundred pounds and the testimony of Lawver, on the trial, that between September 13, 1920, and the middle of January, 1921, the market value of maize declined from possibly 30 to 50 cents per hundred pounds.

On appeal the Court of Civil Appeals, in its original opinion, reversed and remanded the cause, holding that the trial court erred in admitting this testimony of Lawver, who at the time of trial was not manager of plaintiff in error, he having stated that he did not know or remember the market value of maize on January 14, 1921, and also holding that the statement of Lawver (when acting for plaintiff in error as its manager he notified them that his company would not accept the maize, that same was only worth 60 cents per hundred pounds) was not admissible as evidence.

[1] On second motion for rehearing the Court says:

"Upon a review of the record our former judgment, reversing and remanding the entire case. is hereby modified, in that the judgment is affirmed as to. all of the issues save and except the issue as to the market value of the maize on January 14 and 15, 1921. We have heretofore held that the evidence is not sufficient to establish market value at White Deer, on the above date. and reversed the judgment upon that ground. As to the other issues, the case seems to have been thoroughly developed, and the judgment as to them is supported by ample evidence. Rule 62a for the Courts of Civil Appeals provides that, if it appear to this court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error. It is therefore ordered that the judgment be reversed and the cause remanded for the purpose of ascertaining the market value upon said date and assessing the damages, if any, accordingly." 248 S. W. 79.

We think the Court of Civil Appeals erred in holding that under rule 62a it was authorized to affirm the cause as to all issues except as to the market value of maize on January 14 and 15, 1921, and to reverse and remand the cause for the purpose of ascertaining the market value on said dates. The matter in controversy here is damages for the breach of a contract. There are no such severable issues as contemplated by this rule. T. & N. O. R. Co. v. Weems, et al., 165 S. W. 1194.

We think the court was correct in its holding that there was no misjoinder of either parties or causes of action.

[2] We are of opinion, however, that the statement of Lawver was admissible as evidence, and that the Court of Civil Appeals erred in holding that same should have been excluded by the trial court. Lawver was manager of the company. His act in breaching the contract by refusing to accept the maize was the act of plaintiff in error. His statement ;that maize was then only worth 60 cents a hundred pounds was the only reason assigned by him for his refusal to comply with the terms of the contract. The statement was part of the res gestæ of the breach, and was in law the statement of his principal. Lacoste v. Bexar County, 28 Tex. 425; 'Mo. Pac. Ry. Co. v. Gernan & Co., 84 Tex. 141, 19 S. W. 461; I. & G. N. Ry. Co. v. Ragsdale, 67 Tex. 24, 2 S. W. 515;

Telephone Co. v. Prince, 36 Tex. Civ. App. 462, 82 S. W. 327; Gerlach Mer. Co. v. Hughes-Bozarth-Anderson Co. (Tex. Civ. App.) 189 S. W. 784. In the case of Lacoste v. Bexar ,County, supra, the court says:

"It is a well-recognized principle, that when the acts of an agent will bind his principal, then his representations, declarations, and admissions, respecting the subject-matter, will also bind him, if made at the same time, and constituting a part of the res gestæ; but that the statements of an agent, to the prejudice of his principal, after his agency has ceased, are mere hearsay, . and not admissible. 1 Greenl. on Ev. § 113; Bingham & McCall v. Carr, 21 Tex. 142."

[3] C. D. Hodges and a brother W. N. Hodges testified that at the time Lawver refused to accept the maize he made the statement that maize then was only worth 60 cents per hundred pounds, and W. N. Hodges and B. W. Hodges testified that he stated that the decline in the price of maize was the reason for not accepting same. The witness Lawver testified that he did not remember whether he made this statement; but, if he did, he could not state whether it was true, for the reason he did not remember the market price at that time. This, together with testimony. of Lawver, who was offered as a witness by the defendant in error at a time when he was not the manager or employee of plaintiff in error, that between September 13, 1920, and the middle of January, 1921, the market value of maize had declined from 30 cents to 50 cents per hundred pounds is all the' evidence shown in the record indicating the market value of maize on January 14, 1921. This testimony was clearly inadmissible because he did not remember the market value at that time, and his estimate was merely a guess.

We therefore recommend that the judgments of the Court of Civil Appeals and district court be reversed and the cause remanded to the district court to be governed by the foregoing on another trial. .

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.