**EDGEWORTH v. CITY OF PELLY et al.**

No. 11542.

Court of Civil Appeals of Texas.
Galveston.

June 24, 1943.

Rehearing Denied July 15, 1943.

CODY, Justice.

This is a personal injury suit brought in the usual form against the City of Pelly and its Mayor, jointly and severally, to recover damages resulting to plaintiff from a fall when she stepped into a hole which was located between the paved portion of a sidewalk and the curb of Nazro Street in the City of Pelly. The hole in question was one in which a water meter or cut-off was maintained. Plaintiff alleged that the open condition of the hole was known to the City, and that the Mayor had acknowledged its dangerous character for pedestrians before the accident here involved, and stated that it would be fixed.

When plaintiff rested her case, and before introducing any evidence, defendants moved for an instructed verdict stating the grounds therefor in writing. The court granted the motion and rendered judgment for defendants. If plaintiff had presented any substantial evidence which would warrant a verdict in her favor, when the evidence is considered in the light most favorable to plaintiff, the withdrawing of the case from the jury was reversible error. This requires that a statement of the substance of the evidence be made.

The date of the accident was August 31, 1941; the time between 7 and 8 o'clock in the evening. It was then dark. Defendant Williams was then Mayor of the City of Pelly. Pelly is a city organized under general law. It has approximately 3500 inhabitants. Defendant Williams then owned and operated a store in the City of Pelly which was located at the intersection of Pruett and Nazro Streets, fronting on Pruett Street. The sidewalk in question lies between Williams' Store and Nazro Street. The principally traveled portion of the sidewalk is concrete, extending the length of the block, and four feet in width. Between the paved portion of the sidewalk and the curb of Nazro Street is a parkway, or grass covered ground, which is about 3 feet wide. A tree stands in the parkway, located by the evidence variously as being between 60 and 30 feet from the intersection of Nazro and Pruett Streets. Near this tree, but between it and Pruett Street, the hole in question was located in the parkway, less than a foot from the curb. Directly across Nazro Street lies a church, but it does not extend to Pruett Street. We here insert a diagram indicating thereon the two streets, the points of the compass, the

J. A. Copeland, of Houston, for appellant.

Shannon L. Morris, of Pelly, and Mark M. Carter, of Goose Creek, for appellees.

relative positions of Williams' Store, the paved portion of the sidewalk, the parkway, the tree and the hole in the sidewalk, and the church:

Fisher then notified defendant Williams that Mrs. Long had broken her hip by stumbling in the hole, and Mr. Williams, who was then Mayor, said, "I better fix

At the time of the accident the plaintiff, a widow, was eighty-one years old. On the occasion in question, her purpose was to attend services at the church. The pastor of the church, the Rev. Mr. Woods, had gone by her home so that she might ride in his automobile. She rode in the back seat, seated between two other ladies. The pastor parked his automobile on the same side of Nazro Street that Williams' Store was located and across from the Church. Plaintiff was assisted from the car over to the paved portion of the sidewalk near Williams' Store. She and the ladies stood there talking a few minutes, and plaintiff decided to go on to the church. She proceeded from where she was standing on the paved portion of the sidewalk directly across the parkway, and in so doing stepped into the hole, fell, and was seriously injured.

There was no street light at the intersection of the streets, and it was then dark, and there was nothing to prevent anyone from stepping into the hole. It was not so dark but that it could have been seen. This occurred on a Saturday; on the following Saturday it was observed that the hole had been covered with a concrete slab, which was about a foot in diameter and was large enough to cover the hole, which was about 8 inches deep.

In 1939 or 1940, a Mrs. Long stepped into the hole and fell, as was testified by the witness, Mrs. Bert Fisher, and Mrs.

that hole or they will sue me and the City of Pelly." This was before plaintiff fell. The witness further testified that before Mrs. Long fell, her own daughter, a Mrs. Stubbs, had stepped into the hole and fallen, but the fact of this fall became known only after plaintiff's fall.

The plaintiff testified that her eyesight was not good, but that she could see. Q. "At the time you stepped in this hole, how was your eyesight at that time?" A. "It was good, I could see where I was going, if I had been looking I would have seen that hole, but I was not thinking about the hole, I was looking somewhere else I suppose."

The City of Pelly owns and operates its water works, and owned the water meter or cut-off in the hole in question.

The case of City of Wichita Falls v. Lipscomb, Tex.Civ.App., 50 S.W.2d 867, 870, writ refused, was a case in which the facts were that a lady parked her car by the curb of a street near a hotel and visited in the hotel, and, in returning to her car, "while walking along the space between the curb and the sidewalk, she stepped on the lid or covering of the meter box", and was injured. Her right to recover was upheld. It is true that she testified that the space where the meter box was located was open to travel by pedestrians, but whether it was or not was a question of fact. The parkways of sidewalks are as much parts of the

public ways of cities as are their paved portions, or as are the streets, and they exist for the use of the public. And the general rule is that "to render a municipality liable for injuries for failure to exercise ordinary care to keep its public ways in a reasonably safe condition it must appear that it knew, or had reasonable cause to know, of the defective condition a sufficient length of time before the accident to enable it to put the way at a state of repair." Quoted in the Lipscomb case, supra.

There was certainly evidence from which the jury could conclude that the City knew that this parkway was stepped upon and across by members of the public from time to time. Indeed, persons who parked their cars at the curb going to defendant Williams' Store had no other way to get to the paved portion of the sidewalk but to walk across the parkway. In the Lipscomb case the court stated, page 873 of 50 S.W. 2d: "The fact that the city did not know that plaintiff would pass over the meter box at the time she did would be no defense, since it was chargeable with notice that a like accident might happen to some member of the public." There was evidence that the City knew of the condition created by the hole, and knew that it was dangerous to members of the public, and that the Mayor had stated that it would be fixed.

We have not discussed the liability of the City for maintaining such hole in which it kept equipment used in its capacity as owner and operator of the water works system. The following rule is quoted in the Lipscomb case with approval: " * * * it is settled that a municipality which operates its own water * * plant acts in a private and not a governmental capacity and is liable for its negligence in connection therewith, being subject to the same rules and duties as govern and devolve upon a private corporation * * *."

The fact that plaintiff testified "if I had been looking I would have seen that hole, but I was not thinking about the hole, I was looking somewhere else I suppose", does not establish contributory negligence as a matter of law. She didn't know the hole existed. It was held in Texas & P. Tel. Co. v. Prince, 36 Tex.Civ.App. 462, 82

S.W. 327, 329, writ refused, that it was not error for the court to refuse to submit an issue on contributory negligence where the evidence showed that the plaintiff was walking along the sidewalk of one of the principal streets of Sweetwater and testified that he might have seen the wire he fell over had he been looking. See also City of Palestine v. Addington, Tex.Civ. App., 75 S.W. 322. Whether the plaintiff was guilty of contributory negligence under the facts of this case was a question of fact for the jury.

The Mayor of a city is not liable to one injured from a defective condition of the streets by reason of being Mayor, and there was no evidence presented upon which his liability as an individual could be predicated. It was not error so far as the defendant Williams was concerned to instruct a verdict in his favor. It was error to instruct a verdict in favor of the City, for which the judgment of the court is reversed and the cause remanded as to the City of Pelly; but the judgment as to defendant Williams is affirmed.

Affirmed in part, and in part reversed and remanded.

### On Motion for Rehearing.

We held in our former opinion that the parkways of sidewalks are as much parts of the public ways of cities as are their paved portions, or as are the streets, and they exist for the use of the public. We did not hold, however, that the public had the right to make the same use of the parkways of sidewalks as of the paved portions any more than that the public had the right to make the same use of them as of the streets. We held, in effect, that it was not true, as a matter of law, that the right of the public to use said parkway did not include the right to walk thereon. It was a question of fact in this case whether the City of Pelly used ordinary care to keep the sidewalk in question, inclusive of its parkway, in a reasonably safe condition under the circumstances.

Appellee City of Pelly's motion for rehearing refused.

Refused.