## JONES et ux. v. CITY OF MINEOLA.

### No. 6289.

Court of Civil Appeals of Texas. Texarkana.

June 26, 1947.

Rehearing Denied July 3, 1947.

Jones & Jones, of Mineola, and C. W. Vickery, of Quitman, for appellants.

G. D. Minick, of Mineola, and W. H. Barnes, of Terrell, for appellee.

HARVEY, Justice.

The City of Mineola, Texas, filed proceedings for the purpose of condemning for highway purposes a strip of land about 31 feet wide north and south by 50 feet long east and west, and being the front part of premises upon which the home of appellants is situated. Commissioners were appointed by the county judge of Wood County to assess the damages for the land to be appropriated and from an award of $1500 made by them the city appealed and upon trial before a jury in the county court of Wood County the damages were assessed at the sum of $500. From this latter award W. N. Jones and wife have prosecuted this appeal.

The principal contention made by appellants in the various points assigned by them is that a condemnation of private property for public use in excess of that which is necessary is not permissible. In this case it seems that a total width of 31 feet was condemned, 21 feet of the strip

being used for the purpose of widening the highway and the remaining 10 feet used for a parkway and sidewalk. Appellants' contention is that since no part of the 10 foot strip is to be used as a part of the highway or street its condemnation is illegal and void and constitutes the taking of their property without due process of law. The city commission of Mineola, Texas, at a regular meeting of April 9, 1946, decided and by written resolution stated that it was necessary to widen West Broad Street to a minimum width of 80 feet, which proposed widening included the area condemned in front of the property of appellants. The city filed its petition with the county judge of Wood County alleging the necessity for the condemnation of such property, which contained a description of the property to be condemned, together with other allegations necessary under the statute. Art. 1109b, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 1109b, confers upon cities of a certain type the power to condemn property for public use, such as for city and highway purposes, and prescribes the procedure to be followed in such cases. When the governing body of such a city has decided that it is necessary to condemn property for the purposes provided in the statute, such condemnation is conclusive unless it be shown that its action was arbitrary or fraudulent. In the absence of such a pleading and proof in support thereof courts are without authority to review the action of the governmental unit in determining the necessity for such condemnation. Many authorities and precedents to this effect can be cited. Massie v. City of Floydada, Tex.Civ.App., 112 S.W.2d 243; Pecos & N. T. Ry. Co. v. Malone, Tex. Civ.App., 190 S.W. 809; Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4; 29 C.J.S., Eminent Domain, § 89, p. 882. The latter authority states the principle of law as follows:

"Generally, a determination by the grantee of the power is conclusive and is not subject to judicial review, in the absence of fraud, bad faith, or clear abuse of discretion."

When the city commission of Mineola passed upon the matter of the necessity for the widening of the highway their action in that respect was conclusive, absent a showing that they had abused their discretion and had acted fraudulently or capriciously. Appellants in their pleadings filed with the special commissioners upon the trial of the case alleged fraud and an abuse of discretion upon the part of the commissioners and the burden of proof was upon them to establish those allegations. The record is without any evidence to sustain the allegations so made. While not legally required to do so, the court submitted the question of necessity to the jury which found from the evidence that a necessity for the widening of the highway to the width in question existed. The 10 foot strip parallel with the paved portion of the street and on the south edge thereof was appropriated and used for a sidewalk and parkway adjoining the paved portion of the street. It is well established in this state that sidewalks and parkways constitute a portion and are a part of the street itself. Brinlee v. Taylor Grain Co., Tex.Civ.App., 166 S.W.2d 724; Edgeworth v. City of Pelly, Tex.Civ.App., 173 S.W.2d 254.

■ With respect to the point made by appellants that no effort had been made by the city to agree with them upon damages accruing to appellants, the record discloses that the mayor of the city of Mineola made an effort to agree with appellants upon the value of the property sought to be condemned prior to action by the city but that his effort was unavailing. It was not disputed that an effort was made to reach an agreement as to the amount of damages sustained by appellants and the pleadings of appellee contained allegations that efforts were made to effect a settlement. We might note in passing that no issue in regard to the question of settlement was submitted and none was requested by appellants. Under such circumstances presumptively the trial court found that a bona fide effort had been made on the part of appellee to settle the issues in controversy and that the statute in that respect had been complied with. Fort Worth Independent School District v. Hodge, Tex.Civ.App., 96 S.W.2d 1113; 20 C.J. 895, Sec. 318;

29 C.J.S., Eminent Domain, § 224. In addition it has been held in a number of cases that where the owner of the land sought to be condemned makes his appearance before the special commissioners and resists the condemnation proceedings upon the merits, he thereby waives whatever lack of efforts to reach a settlement there might have been. 8 A.L.R. 472, and authorities cited. Appellants suggest that notice of the hearing before the special commissioners was required to be made by publication under the statutes. As a matter of fact personal service was had upon them. We think personal service was proper in view of Art. 1109b and Art. 3264, R.C.S. of Texas. The fact that appellants made their appearance before the special commissioners on the date set, filed written pleadings and contested the petition to condemn effectively cured any defect, had there been any, in the form or kind of service or notice upon them. The purpose of notice being to advise the parties of the date of the hearing, if they appear at such hearing and are afforded an opportunity to present their rights the kind of notice served upon them, or even no notice at all, becomes immaterial. W. T. Waggoner Estate v. Townsend, Tex.Civ. App., 24 S.W.2d 83. The petition for condemnation identified the parcel of land to be condemned in detail and this was sufficient regardless of whether or not the resolution entered by the City Commission contained such description. Art. 1204, R.C. S. of Texas. Objection was made by appellants to the testimony of certain witnesses that the 10 foot strip was used for parkway and sidewalks and was for public use. The facts developed were that the public was using the parkway and sidewalk and the testimony to the effect that it was so being used was not objectionable. Under the condemnation proceedings the 10 foot strip acquired by the city can be used only for the purposes for which it was appropriated and no other.

There being no error presented in this appeal the judgment of the county court of Wood County is affirmed.