Selma ULLMAN ESTATE et al., Appellants,

v.

GULF, COLORADO & SANTA FE RY. CO., Appellee.

No. 15136.

Court of Civil Appeals of Texas.

Dallas.

June 29, 1956.

Rehearing Denied July 27, 1956.

Thompson, Coe & Cousins and Robert W. Porter, Dallas, for appellants.

Burford, Ryburn, Hincks & Ford and Clarence A. Guittard, Dallas, and Wigley, McLeod, Mills & Shirley, Galveston, for appellee.

DIXON, Chief Justice.

This is an appeal by landowners who, following a jury verdict in a condemnation proceeding, were awarded $6,174 for 1.62 acres of farm land in Dallas County, Texas.

Appellee Gulf, Colorado & Santa Fe Railway Company as petitioner brought action against Bernice Ullman Couch, Independent Executrix of the Estate of Selma Ullman, Deceased, Jean Adele Lowe and her husband Alfred S. Lowe III, and Tom Campbell, alleged owners of a 35-acre tract of land. Jean Adele Lowe is the daughter of Bernice Couch. In the will of Selma Ullman, deceased, she is named as the devisee of the 35-acre tract. The Railroad sought a strip of land across appellants' property for right of way purposes in constructing its new main line extension from Sanger, Texas to Dallas, Texas. Appellee has made a settlement with Tom Camp-

bell who no longer appears in the proceedings.

In their points on appeal I to VII inclusive appellants complain of occurrences which took place prior to the trial in County Court. They assert that the County Court did not have jurisdiction to try the case because, (1) the special commissioners were disqualified as a matter of law; (2) due and proper notice was not served on appellants; (3) the returns showing notice were not properly filed; (4) the special commissioners had not made a statement of cost, nor filed a cost bill promptly with the court, nor were all costs paid; (5) petitioner had not tried to reach an agreement with appellants as to the value of the land prior to institution of the proceedings; (6) there was never a duly constituted board of special commissioners; and (7) there were numerous failures or refusals to follow the condemnation statutes.

At the time the commissioners were appointed the court stated that it had been found impossible to obtain the services of competent men on condemnation boards in Dallas County for the statutory fee of $3 per day and that it had become customary to allow a reasonable fee in sums varying from $25 to $50. The court then announced that in this case he would allow the commissioners a flat fee of $50 to be paid by the condemning authority alone.

Mrs. Couch and her daughter Mrs. Lowe were present at the hearing before the commissioners on March 18, 1955. They were not represented by counsel. Mrs. Couch, having had some legal training, acted for both of them. She expressly agreed and consented to the payment of a $50 fee to each of the commissioners.

At the same hearing, March 18, 1955, counsel for appellee inquired whether there were any objections to the qualifications of the commissioners. Mrs. Couch then questioned the commissioners. She developed that one of the commissioners had previously served in other condemnation suits involving the Santa Fe Railway and

had been paid a fee of $50 by the Railway for his services. Mrs. Couch therefore objected to his serving in this case and he was thereupon excused. But it was expressly agreed by the parties that the hearing might proceed before the other two commissioners. The hearing then proceeded. Mrs. Couch herself testified and introduced an expert witness who testified the land was worth $4,000 per acre. The two-man board of commissioners made an award of $6,240 for the 1.62 acres being condemned.

Notice of the proceedings had been duly served in Dallas County, Texas on Bernice Couch, Independent Executrix, and in Chicago, Ill., on Jean Adele Lowe and her husband Alfred S. Lowe. The estate was still under the administration and control of Mrs. Couch, Independent Executrix. It had not been distributed. As already stated, Mrs. Couch and Mrs. Lowe were present in person at the hearing before the commissioners on March 18, 1955. They were the parties who objected to the commissioners' award and asked for a trial de novo in the County Court. At the trial in the County Court on October 19, 1955, all of the appellants were represented by counsel.

As to the costs, the record shows that all costs were paid April 13, 1955 by appellee.

■ The record also shows that Mrs. Couch as Independent Executrix had been offered by appellee the sum of $4,860 for the 1.62 acres. She admitted that the railroad men came out to see her several times. She did not accept the offer, or make a counter offer. Moreover the jury in answer to special issue No. 1 found that appellee in good faith had negotiated with appellants. This finding is amply supported by the evidence.

■ As the above recital indicates, in some instances the irregularities alleged in appellants' first seven points on appeal are not supported by the evidence. In other instances they are shown to have occurred,

but in every instance they could be and they were waived by appellants either expressly, or by appeal and trial de novo in the County Court. In no instance was the irregularity so vital in character as to deprive the County Court of its jurisdiction to proceed with a trial de novo. Appellants were adequately protected against irregularities in the proceedings before the commissioners by their right, which they exercised, to file objection and have a trial de novo in the County Court. City of Bryan v. Moehlman, Tex.Sup., 282 S.W.2d 687; Jones v. City of Mineola, Tex.Civ. App., 203 S.W.2d 1020; Fort Worth & D. N. Ry. Co. v. Johnson, 125 Tex. 634, 84 S.W.2d 232; Gulf C. & S. F. Ry. Co. v. Fort Worth & R. G. Ry. Co., 86 Tex. 537, 26 S.W. 54.

In point VII appellants do not specifically point out the irregularities covered by the point, so we shall not discuss them in detail. Suffice it to say that the errors enumerated in appellants' brief in connection with point VII are not such errors as deprive the County Court of jurisdiction, and they too have been waived by appellants.

Appellants' first seven points on appeal are overruled.

Appellants complain because the court overruled their first application for continuance. In their motion they set up two grounds for continuance: the absence of Jean Adele Lowe and the fact that counsel had been retained only the day before the date set for the trial, October 19, 1955, and had not had an opportunity to prepare for trial.

The record discloses that the case had been originally set for trial May 5, 1955. Before that time the trial court had on several occasions urged Mrs. Couch to employ counsel. On May 5, the case was passed with the understanding that she would employ counsel. On August 12, 1955 the case was set for trial October 19, 1955 and the parties were notified.

On October 14, 1955, five days before trial, Mrs. Couch notified the court that Mrs. Lowe was expecting a baby and that they had not retained counsel. Their motion does not show what testimony was expected to be produced from Mrs. Lowe, nor in what manner her assistance was needed at the trial. The estate had not been finally distributed and was still in the custody and control of Mrs. Couch as Independent Executrix. No final release had yet been obtained from the Government for estate taxes.

After reviewing the facts the trial court, before overruling appellants' motion for continuance, said: "This record is replete with acts and conduct showing a studied disdain for ordinary procedures in handling legal matters * * *."

Appellants' motion for continuance does not comply with Rule 252, Texas Rules of Civil Procedure. It does not state what appellants expected to prove by Mrs. Lowe, the absent witness, and the undisputed facts fail to show the use of due diligence to procure her testimony. There is no showing that her absence resulted to her prejudice, or that her testimony in person or by deposition would have been available with a reasonable time. Nor was diligence shown in appellants' employment of counsel only the day before the date set for trial. Though it was the first written motion for continuance, the court did not abuse his discretion in overruling it. Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856; Dittmar v. St. Louis Union Trust Co., Tex.Civ.App., 155 S.W.2d 388; Rody v. Whitaker, Tex.Civ. App., 37 S.W.2d 288. We overrule appellants' point VIII.

Appellants in their point IX allege a conflict between the jury's answers to issues Nos. 2 and 3. The finding in issue No. 2 was that the 1.62-acre tract was of a value of $2,916 as severed land. The finding in issue No. 3 was that the remain-

ing 33.38-acre tract immediately before the taking was of a value of $116,830. Appellants' position is that there is a conflict because the jury in effect found the 1.62-acre tract when severed to be worth $1,800 per acre and the remaining tract of 33.38 acres to be worth $3,410 per acre. The difference in value is sufficiently supported by the evidence. We see no conflict in the findings. Point IX is overruled.

Appellants' points X and XI assert that there was no evidence, or not sufficient evidence, to support the jury's finding that appellee had in good faith negotiated with appellants regarding the acquisition of the right of way in question. We have already summarized the evidence on this question in our ruling on point V. We overrule appellants' points X and XI.

In their point XII appellants complain because of the court's refusal to submit their requested issues respecting the service of notices on appellants. The notices and the official returns showing service are shown in the record. The evidence does not contradict them. We think they are sufficient. Parks v. City of Waco, Tex. Civ.App., 274 S.W. 1006. Moreover the irregularities, if there were any (we do not say that there were) in respect to the serving of the notices, were waived by the appearance of appellants before the commissioners and later, either in person or by counsel, before the court in hearings on the merits of the controversy. Jones v. City of Mineola, Tex.Civ.App., 203 S.W. 2d 1020, error ref.; Ackerman v. Huff, 71 Tex. 317, 9 S.W. 236, 237. In the last named case Chief Justice Stayton pointed out that it was not shown that the landowners did not appear in person and by representative, and in that connection said: "This renders the giving such notice as the statute requires unnecessary." We overrule appellants' point XII.

The judgment of the trial court is affirmed.