STATE of Texas, Appellant,

v.

M. W. LEE, Appellee.

No. 3848.

Court of Civil Appeals of Texas.

Waco.

May 4, 1961.

Rehearing Denied May 18, 1961.

Will Wilson, Atty. Gen., J. Arthur Sandlin, J. G. Davis, Asst. Attys. Gen., for appellant.

Davis, Kee & Thomas, Angleton, for appellee.

WILSON, Justice.

Appeal from a judgment of dismissal in a condemnation case. The judgment recites that it was so rendered because "the necessary prerequisite jurisdictional facts had not been proved." The only jurisdictional defects raised in the trial court or urged by appellee here relate to absence of proof (a) of service of notice of hearing by the commissioners, and (b) of failure to agree with the owner on the

amount of damages, as required by Art. 3264, Vernon's Ann.Civ.Stat.

■ Appellant attempted to show service of notice by tendering the written notice of hearing issued by the commissioners with the return showing delivery to appellee in person. The court excluded this evidence on appellee's objection it was hearsay, and not the best evidence. Appellant was not permitted to prove by appellee that the notice was served on him as the return recited. The undisputed evidence shows appellee appeared before the commissioners on the date set for hearing, represented by counsel; that he agreed to a postponement and a re-setting of the hearing; that he again appeared at the hearing, filed pleadings, examined witnesses and introduced evidence as to land value. Under this record there was not a want of jurisdiction because of lack of notice. Jones v. City of Mineola, Tex.Civ.App., 203 S.W.2d 1020, 1023, writ refused; Ullman Estate v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 292 S.W.2d 897, writ ref. n. r. e.; Rayburn, Texas Law of Condemnation, Sec. 59(13) p. 191; Union Fraternal, etc. v. City of San Antonio, Tex.Civ.App., 315 S.W.2d 68, 70; Isaac v. City of Houston, Tex.Civ.App., 60 S.W.2d 543, writ dism.; and see City of Houston v. Kunze, 153 Tex. 42, 262 S.W.2d 947, 949.

■ The court conducted a hearing in the absence of the jury to permit appellant to prove jurisdictional facts. To show failure to agree with appellee as to damages, and effort to agree, appellant offered a letter from the Director of the Department of Corrections admittedly received by appellee, enclosing a copy of the enabling Act and a plat, stating that two named appraisers assigned by the General Land Office had appraised appellee's land at a specified value; that the Texas Board of Corrections at a regular meeting had instructed the Director to offer appellee the amount of the highest appraised value, with appellee retaining all mineral rights. The letter requested appellee to advise within one

week if he wished to sell at the stated figure. The trial court concluded the letter did not constitute an offer, but was only "an invitation to Mr. Lee to make an offer." The evidence showed appellee made no reply to the letter, and more than a month afterward the petition in condemnation was filed. Appellee appealed from the commissioners' award, which was over $11,000 in excess of the amount fixed in the letter. His pleading asserted the award had not fully compensated him for his damages. The emergency clause of the Act authorizing the present proceedings (hereafter referred to) recites "the Texas Board of Corrections has been unable to agree with owners of such tracts for the purchase thereof."

Under the record made by appellant, and the record as a whole, dismissal for failure of proof on this jurisdictional fact was not authorized. Houston North Shore Ry. Co. v. Tyrrell, 128 Tex. 248, 98 S.W.2d 786, 795, 108 A.L.R. 1508; Jones v. City of Mineola, Tex.Civ.App., 203 S.W.2d 1020, 1023, writ ref.; Curfman v. State, Tex.Civ. App., 240 S.W.2d 482, 484, writ ref. n. r. e.; Schlottman v. Wharton County, Tex.Civ. App., 259 S.W.2d 325, 330, writ dism.; Ullman Estate v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 292 S.W.2d 897, 899, writ ref. n. r. e.; 16 Tex.Jur. Secs. 317, 318, p. 656; Sec. 410, p. 752, 6 Nichols, Em.Domain, (1953), Sec. 24, 621, p. 59; 8 A.L.R. 471; 18 Am.Jur., Sec. 319, p. 962; 29 C.J.S. Eminent Domain § 224, p. 1168.

Appellee defends the judgment by cross-point attacking constitutionality of S.B. No. 317, Acts 1959, 56th Leg., Reg.Sess., ch. 201, sec. 2, p. 472, under provisions of which these proceedings were instituted. This challenge was rejected in the trial court. Basis of the attack as briefed is that the bill contains more than one subject; and that its title is deceptive and misleading as not giving fair notice of its object and subject matter in contravention of Article 3, Section 35 of the Texas Constitution. The caption reads: "An Act con-

cerning State prison lands in Brazoria County; and declaring an emergency." Sec. 1 authorizes the Texas Board of Corrections to sell and convey certain described land in Brazoria County. Sec. 2 provides that the Board shall have the right to acquire the surface estate in several described tracts, including land here involved, by eminent domain. The emergency clause recites that privately owned tracts within the limits of Ramsey Prison Farm are creating a security hazard.

 Article 3, Section 35 is to be given a liberal construction. State v. The Praetorians, 143 Tex. 565, 186 S.W.2d 973, 975, 158 A.L.R. 596; Central Education Agency v. Independent School Dist., 152 Tex. 56, 254 S.W.2d 357, 362. The Supreme Court has stated the purpose of the provision as being to reasonably apprise of the nature and subject matter of the bill, to obviate legislation through improper combination on a composite bill, and to " 'prevent surreptitious passage of a law upon one subject under the guise of a title which expresses another.' " Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966, 970. Although the caption of this bill is broad, "the generality of a title is no objection to it, so long as it is not made to cover legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection." 1 Cooley, Constitutional Limitations (8th ed.) 298; San Antonio & A. P. Ry. Co. v. State, 128 Tex. 33, 95 S.W.2d 680, 688; 39 Tex.Jur. Sec. 45, p. 97.

The title gives notice that the bill (a) relates to lands (b) located in a named county, and (c) specifies it concerns State prison lands. We think it does not contravene the constitutional requirement that the subject of the bill "shall be expressed in its title." Duncan, Wyatt & Co. v. Taylor, 63 Tex. 645, 647; Breen v. Texas & P. R. R. Co., 44 Tex. 302, 308; State v. Rubion, 158 Tex. 43, 308 S.W.2d 4, 7; Johnson v. Martin, 75 Tex. 33, 12 S.W. 321, 324; Tuttle v. Wood, Tex.Civ.App.1931, 35 S.W.2d

1061; 1065, writ ref.; Atwood v. Willacy County, Tex.Civ.App., 284 S.W.2d 275, writ ref. n. r. e.; 50 Am.Jur. Sec. 181, p. 159; 82 C.J.S. Statutes § 219, p. 371. The bill does not contain plural subjects contrary to Section 35. Snyder v. Compton, 87 Tex. 374, 28 S.W. 1061, 1062; King v. Carlton Independent School Dist., 156 Tex. 365, 295 S.W.2d 408, 411; Phillips v. Daniel, Tex.Civ.App., 94 S.W.2d 1193, 1197, writ ref. We have considered other contentions of appellee. They do not sustain the judgment. It is not necessary to decide other points presented by appellant.

The judgment is reversed and the cause remanded with instructions that it be reinstated.