

# The Attorney General of Texas

March 29, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Chet Brooks
Chairman, Senate Committee
  on Human Resources
Senate Chamber
Austin, Texas 78711

Opinion No. H-1146

Re: Approval of subdivision plats by a county.

Dear Senator Brooks:

You have requested our opinion concerning the authority of the Fort Bend County Commissioners Court to require developers to build sidewalks and to dedicate a percentage of residential acreage to other public use prior to receiving plat approval. You have asked whether these requirements and others contained in the Fort Bend County "Policies for the Approval of Subdivision Plats" are in conflict with state statutes.

Fort Bend County has a population of less than 190,000 and is thus governed by article 6626a, V.T.C.S. As we explained in Attorney General Opinion H-1057 (1977), article 6626a was enacted in order to provide counties of less than 190,000 population authority to establish some substantive requirements for the approval of plats. Like article 2372k, V.T.C.S., which applies to larger counties, article 6626a was a response to the court's decision in Commissioners Court v. Frank Jester Development Co., 199 S.W.2d 1004 (Tex. Civ. App. — Dallas 1947, writ ref'd n.r.e.), in which it was held that counties had no authority to establish such substantive requirements. The holding of this case remains undisturbed except by articles 6626a and 2372k; thus, any substantive requirements for the approval of plats must be authorized by those articles.

Section 3 of article 6626a authorizes counties to require owners of a subdivision to provide for rights of way and street cuts. The only general authority provided is contained in subsections (e) and (f) which authorize "reasonable specifications" for the construction of roads and streets and for the provision of adequate drainage for such roads.

The requirements promulgated by Fort Bend County are valid only to the extent they are authorized by article 6626a. The commissioners court may adopt regulations requiring street cuts and rights of way in the

dimensions authorized by article 6626a, section 3. They may promulgate drainage specifications as well as reasonable specifications for the construction of roads or streets, "considering the amount and kind of travel over said streets." In our opinion, our courts would probably hold that the specifications for streets may require the construction of sidewalks, where it can be shown that requirement is reasonable in light of the amount and kind of travel over the streets. Grapotte v. Adams, 111 S.W.2d 690 (Tex. 1938); Parra v. F. W. Woolworth Co., Inc., 545 S.W.2d 596 (Tex. Civ. App. — El Paso 1977, no writ); Jones v. City of Mineola, 203 S.W.2d 1020 (Tex. Civ. App. — Texarkana 1947, writ ref'd). We therefore believe that the authority to establish street specifications can include the authority to require sidewalks, within the limitations set out in article 6626a, section 3(e). We find no provision authorizing requirements for areas of other public use, and conclude that such regulations would not be valid.

### SUMMARY

Fort Bend County may provide requirements for the approval of subdivision plats only to the extent such requirements are authorized by article 6626a. Requirements concerning sidewalks will probably be held valid as part of reasonable specifications for streets. Requirements for other areas of public use are not authorized by article 6626a and are invalid.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst