**AUSTIN HOME CENTER ASSOCIATES, Appellant,**

v.

**STATE of Texas, et al., Appellees.**

**No. 3-89-171-CV.**

Court of Appeals of Texas, Austin.

Aug. 8, 1990.

**594** 

John McClish, Austin, for appellant.

E. Elliott Mitchell, Asst. City Atty., Austin, for appellees.

Before POWERS, CARROLL and ABOUSSIE, JJ.

POWERS, Justice.

Austin Home Center Associates appeals from the judgment of a county court at law in an eminent-domain proceeding brought by the State of Texas under Chapter 21 of the Texas Property Code.[1] We will affirm the judgment.

## THE CONTROVERSY

The State initiated the statutory proceedings by the filing of a petition in eminent domain. The petition included the requisite jurisdictional allegation that the State had made a good-faith effort to settle the question of damages before invoking the compulsory proceedings before the special commissioners. Tex.Prop.Code Ann. § 21.012(b)(4) (1984). The landowners appeared before the duly appointed special commissioners, contested the issues on the merits, then filed objections to their award.

In the following trial *de novo* before the county court at law, the court granted the State's motion for partial summary judgment on the issue of good-faith negotiations, holding that the evidence was disputed in that regard but that the landowners had waived their right to complain in the matter by their appearance and contest before the special commissioners. *Jones v. City of Mineola*, 203 S.W.2d 1020, 1022 (Tex.Civ.App.1947, writ ref'd).

The landowners raise on appeal a single point of error challenging the trial court's jurisdictional holding, on the State's motion for summary judgment, that the landowners had waived their right to complain regarding good-faith negotiations. We will overrule the point of error.

## DISCUSSION AND HOLDINGS

 In response to the State's pleading of good-faith negotiations, the landowners interposed a special "denial," alleging in effect that the State had not negotiated in good faith to obtain by purchase the property interest it sought by condemnation. On appeal, our attention is invited to this special "denial" as containing the landowner's challenge to the trial court's jurisdiction. The special "denial" and the pleading of which it is a part do not state or imply, however, that any allegation in the State's petition was made fraudulently in order to confer jurisdiction. So far as we are able to tell from the appellate record, the landowners never requested dismissal of the proceedings for want of jurisdiction. The landowners prayed instead for judgment on the merits: "that the case be set for trial upon the Court's regular docket; that upon final hearing [they] have judgment that the [State] take nothing by [its] lawsuit and go hence without a [sic] day;" and, alternatively, that the landowners have their damages assessed "if it should be found as a fact that" jurisdiction exists. The alternate prayer hints at a challenge to the trial court's jurisdiction, but the plea was not verified, and it was not phrased explicitly as a plea to the jurisdiction. It was therefore insufficient to attack the trial court's jurisdiction. *See generally* 2 R. McDonald, *Texas Civil Practice in District and County Courts*, § 7.07, at 157–58 (rev. 1982); M. Rayburn, *Texas Law of Condemnation* § 72(2), at 268–70 (1960). We hold accordingly. We decline, however, to affirm the judgment on this basis alone because we believe the landowners' theory of

1. The appellants are Austin Home Center Associates, a general partnership composed of John I. Schnip and David Mills, and Aetna Life Insurance Company, the holder of a purchase-money lien on the property in question. The appellees are the State of Texas and the City of Austin, Texas. We shall, for convenience, refer only to the State as such and to the appellants as the "landowners."

law to be plainly controlled by the doctrine of *stare decisis,* for the question of law they raise is, in our view, clearly determined to the contrary in *City of Mineola.*

Assuming the burden, perhaps, the State moved for partial summary judgment on the issue made by the landowners' special "denial." The State alleged as grounds for summary judgment that the landowners had waived the issue of pre-litigation negotiations by appearing before the special commissioners and there contesting the case on the merits. The State relied upon the *City of Mineola:*

> [W]here the owner of the land sought to be condemned makes his appearance before the special commissioners and resists the condemnation proceedings upon the merits, he thereby waives whatever lack of efforts to reach a settlement there might have been.

203 S.W.2d at 1023; *see also Phillips Pipeline Co. v. Woods,* 610 S.W.2d 204, 207 (Tex.Civ.App.1980, writ ref'd n.r.e.); *Brown v. Lower Colorado River Auth.,* 485 S.W.2d 369, 371 (Tex.Civ.App.1972, no writ); *Dyer v. State,* 388 S.W.2d 226, 230 (Tex.Civ.App.1965, no writ).[2]

The landowners filed a response to the State's motion. The response was not, however, verified, evidently on a theory that the matters alleged therein were otherwise established as a matter of law by the State's answers to requests for admissions. In all events, the response did *not* contend, as the landowners do in this appeal, that there exists in Texas law no doctrine of waiver such as that attributed above to the *City of Mineola* decision. The landowners did, perhaps, make in their trial brief a contention of that kind. The response itself, however, assumed the waiver doctrine and simply set out reasons why it should not apply in the landowners' particular case: (1) the State instructed its appraisers to disregard elements of damage to the remainder that were, in the landowners' view, properly compensable under the law; (2) *the State made only one offer*

*for the land and it did not include any sum for damages to the remainder;* (3) the single offer was based on an appraisal report that was "withheld" from the landowners, until production was compelled by the trial court, in unjustified reliance on the exception provided in the Open Records Law for "information pertaining to appraisals" relating to property purchases, Tex. Rev.Civ.Stat.Ann. art. 6252–17a, § 3(a)(5) (Supp.1990); and (4) the State conceded in the trial-court proceeding that the amount offered was insufficient to compensate the landowner for the land taken. The emphasized passage above amounts to a concession by the landowners that the State *had* made a pre-litigation offer to settle, but contends that the offer was based on improper valuation criteria because it omitted to consider the element of damages to the remainder.

The trial court sustained the State's motion for partial summary judgment, stating as a basis that the evidence was disputed on the question of good-faith negotiation but as a matter of law the landowners had waived any right to complain of the trial court's jurisdiction by their appearance and contest before the special commissioners.

■ On appeal to this Court, the landowners abandon entirely their position as reflected in the response they filed to the State's motion for partial summary judgment on the jurisdiction question. Instead of contending that the waiver doctrine of *City of Mineola* does not apply in his particular case, for the reasons given above, they contend the waiver doctrine does not exist at all, except in a few ill-considered decisions that should be rejected by us in favor of a doctrine that waiver can only result from a landowner's act in drawing down the commissioners' award, a more general waiver doctrine that is not disputed by the State.

The *City of Mineola* decision carries the notation "writ refused." We are thus

---

2. The matter of pre-condemnation offers to purchase is discussed generally in Annotation, *Sufficiency of Condemnor's Negotiations Required as Preliminary to Taking in Eminent Domain,* 21 A.L.R.4th 765 (1983 & Supp.1989). See particularly the annotation at 782–88 as they bear upon the present appeal.

bound to follow any applicable principle of law laid down in that decision. Does it establish the waiver doctrine we have attributed to it above? We believe it clearly does.

The relevant point of error in the landowners' appeal, in *City of Mineola*, contended "that no effort had been made by the city to agree with them on damages...." The court said in reference to this contention: (1) "the record" disclosed that the city *had* made an effort through its mayor to agree with the landowners upon the value of their property "but that effort was unavailing;" (2) "[i]t was *not disputed* that an effort was made to reach agreement as to the amount of damages," and the city *pleaded* "that efforts were made to effect a settlement;" (3) "[w]e might note in passing that no issue in regard to the question of settlement was submitted and none was requested by" the landowners; (4) "[u]nder such circumstances *presumptively the trial court found* that a bona fide effort had been made ... to settle the issues in controversy and the statute [requiring pre-litigation negotiations] in that respect had been complied with;" and (5) "[i]n addition it has been held in a number of cases that where the owner of the land sought to be condemned makes his appearance before the special commissioners and resists the condemnation proceedings upon the merits, he thereby waives whatever lack of efforts to reach a settlement there might have been." *City of Mineola*, 203 S.W.2d at 1022 (emphasis added).

We believe the foregoing indicates quite explicitly that the court overruled the landowners' point of error on two alternate grounds: *firstly* the trial court found from a sufficient record that a bona fide effort had been made as the statute required and as the city had alleged; and *secondly*, or "in addition," the landowners waived the statutory requirement by appearing before the special commissioners and contesting the proceedings "on the merits." The second ground is applicable in the present case, and we are bound by *stare decisis* to follow the legal principle it embodies.

We hold the trial court properly sustained the State's motion for partial summary judgment on the basis of the *City of Mineola* decision. The record established as a matter of law that the landowners had appeared before the special commissioners and resisted the condemnation on the merits. We therefore affirm the judgment below.