NUMBER 13-00-432-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


MISSION CONSOLIDATED INDEPENDENT

SCHOOL DISTRICT, Appellant,


v.



EFREN FLORES, SR., Appellee.

____________________________________________________________________


On appeal from the 92nd District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Chavez(1)


Opinion by Justice Hinojosa



 Appellant, Mission Consolidated Independent School District,
appeals from the trial court's order denying its pre-trial plea to the
jurisdiction.(2) We affirm.

 Appellee, Efren Flores, Sr., sued the school district alleging his
employment was terminated in retaliation for filing a workers
compensation claim. See Tex. Lab. Code Ann. § 451.001 (Vernon 1996).
Flores, who was employed by the school district as a bus driver,
sustained an on-the-job injury to his knee in December, 1995. He
returned to work on modified duty for a short time in February, 1996,
then underwent knee surgery in March, 1996. Flores made a claim for
and received workers compensation benefits. He was released for
modified duty on September 2, 1996. In his first amended petition,
Flores alleged that:

[f]ollowing the injury, Plaintiff was subjected to a hostile and
offensive work environment. . . . Thereafter, on or about
September 6, 1996, the Defendant discharged Plaintiff. The
Defendant refused, however, Plaintiff's request that the
decision of discharge be made in writing. The reason first
verbally given by Defendant for the discharge was that the
District did not have any available positions for him. Plaintiff
alleges that the reason given was merely a pretext. In truth,
Defendant wrongfully discharged and discriminated against
Plaintiff in violation of 451.001, et seq., Texas Labor Code,
because he was pursuing in good faith a claim under the
Texas workers compensation laws. Following the discharge,
Plaintiff attempted to withdraw his retirement funds. 
Defendant, however, then contended that Plaintiff had not
been discharged and insisted that Plaintiff must first give his
written resignation before he would be allowed to withdraw
his funds. Defendant has persisted in this position ("Plaintiff
was never officially terminated") to this date. Plaintiff
refused to resign.


Flores further alleged the trial court had jurisdiction of the suit because
under the circumstances of his discharge, there was no administrative
process available to him for redress of the discrimination and discharge
because (1) the school district maintained Flores's employment was not
terminated, (2) the grievance process did not apply to at-will employees
such as Flores, and (3) the grievance procedure did not include claims
of discrimination and discharge in retaliation for filing a workers
compensation claim. Flores also alleged that his case was an exception
to the general requirement of exhaustion of remedies because the
school district acted without express or implied statutory authority and
contrary to statutory law in discriminating against him.

 The school district filed a pre-trial plea to the jurisdiction, asserting
the trial court did not have jurisdiction to hear the case because Flores
had failed to exhaust his administrative remedies. The school district
further alleged that Flores had made allegations in his amended petition
"that are false and were made simply to confer jurisdiction on this
Court."

 The plaintiff bears the burden of alleging facts affirmatively
demonstrating the trial court's jurisdiction to hear a case. Texas Ass'n
of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); El
Paso Community Partners v. B & G/Sunrise Joint Venture, 24 S.W.3d
620, 623 (Tex. App.--Austin 2000, no pet. h.). The jurisdiction of a trial
court over the subject matter of a case is determined from the good-faith factual allegations contained in the plaintiff's pleadings. Curbo v.
State, 998 S.W.2d 337, 341 (Tex. App.--Austin 1999, no pet.) (citing
Brannon v. Pacific Employers Ins. Co., 148 Tex. 289, 224 S.W.2d 466,
469 (1949)). The trial court must construe the plaintiff's pleadings
liberally in favor of jurisdiction. Peek v. Equip. Serv. Co., 779 S.W.2d
802, 804 (Tex. 1989). 

 A plea to the jurisdiction challenges a court's authority to hear a
case by alleging that the factual allegations in the plaintiff's pleadings,
when taken as true, fail to invoke the court's jurisdiction. Bybee v.
Fireman's Fund Ins. Co., 160 Tex. 429, 331 S.W.2d 910, 917 (1960); El
Paso Community Partners, 24 S.W.3d at 623. The factual allegations
relating to jurisdictional prerequisites must be taken as true unless the
defendant pleads and proves that they were fraudulently made to confer
jurisdiction. Curbo, 998 S.W.2d at 341; Austin Home Ctr. Assocs. v.
State, 794 S.W.2d 593, 594 (Tex. App.--Austin 1990, no writ); Flowers
v. Lavaca County Appraisal Dist., 766 S.W.3d 825, 827 (Tex.
App.--Corpus Christi 1989, writ denied). Pleadings relevant to a review
of a plea to the jurisdiction include amended petitions and responses
filed in connection with the plea. Janik v. Lamar Consol. Indep. Sch.
Dist., 961 S.W.2d 322, 324 (Tex. App.--Houston [1st Dist.] 1997, writ
denied).

In summary, to successfully challenge at the pre-trial stage
a trial court's jurisdiction to hear the subject matter of a
plaintiff's claim, the defendant must demonstrate either that:
(1) the plaintiff's pleadings, taken as true, affirmatively
establish that the court does not have subject-matter
jurisdiction, or (2) the plaintiff pleaded fraudulently or in bad
faith with the purposes of conferring jurisdiction where
under the true facts the court would not have it.


Curbo, 998 S.W.2d at 342.

 According to the evidence adduced at the hearing on the plea to
the jurisdiction, the school district used the 1994-95 Personnel
Handbook for the 1995-96 school year. Even though several
amendments were made in 1995 to the policies enumerated in the
1994-95 handbook, the school district did not print or distribute a new
handbook to its employees during the 1995-96 school year. As an
hourly transportation employee, Flores was classified as "support"
personnel. A section of the Personnel Handbook entitled "Termination
of Employment for Support Personnel" states that a support personnel
employee: 

may appeal the decision for dismissal through administrative
channels but is not entitled to a personnel hearing before the
Board unless constituted [sic] rights have been violated. The
employee may appeal a decision of dismissal to the
Superintendent.


This section explicitly applies only to an employee whose employment
has actually been terminated. However, it is the school district's
position that it never terminated Flores's employment.

 Another section of the Personnel Handbook, entitled "Grievance
Procedure for Professional Personnel," sets out grievance procedures for
complaints of professional employees such as teachers and
administrators. However, there is no equivalent section for support
personnel.

 The school district contends that its policy DGBA (LOCAL), which
was adopted on December 12, 1995 by its Board of Trustees, is the
applicable grievance procedure Flores should have followed. In a
section entitled "Definition," policy DGBA states:

[a] complaint under this policy shall include grievances
concerning an employee's wages, hours, or conditions of
work and specific allegations of unlawful discrimination in
employment on the basis of sex (including allegations of
sexual harassment), race, religion, national origin, age or
disability, or on the basis of the employee's exercise of
constitutional rights. A complaint must specify the
individual harm alleged.


Another section prohibits retaliation against an employee "for bringing
a complaint under this policy." Yet another section, entitled
"Whistleblower Complaints," delineates the procedure for employees
alleging unlawful discrimination in retaliation for reporting a violation of
law to an appropriate authority. However, there is no specific section
or procedure for complaints of actual or constructive dismissal in
retaliation for the filing of a workers compensation claim. 

 The school district also asserts that its policy DCD, which was
also adopted on December 15, 1995, applies to Flores. Policy DCD
provides in part that any dismissed employee (including teachers,
paraprofessionals and "auxiliary personnel") "may request to be heard
by the Board in accordance with policy DGBA (LOCAL)."

 Policy DGBA (LOCAL) also provides that:

The principal of each campus and other supervisory
personnel shall ensure that all employees under their
supervision are informed of this policy. Employees shall be
provided a copy of the policy at the time of employment and
whenever it is revised.


The school district admits that after the adoption of policies DGBA
(LOCAL) and DCD, it did not prepare or disseminate a new personnel
handbook to employees and that it continued to use the old 1994-95
handbook.

 Given the conflicting evidence presented at the hearing concerning
which policy applied to Flores's situation, the scope of those policies,
and whether Flores ever received proper notice of any applicable
changes in grievance procedures, we hold the school district failed to
meet its burden of proving either: (1) that the facts pleaded by Flores
were insufficient to convey jurisdiction, or (2) that they were pleaded
fraudulently or in bad faith for the purpose of conveying jurisdiction on
the trial court. Therefore, the trial court did not err in denying the
school district's pre-trial plea to the jurisdiction.

 The trial court's order denying Mission Consolidated Independent
School District's pre-trial plea to the jurisdiction is affirmed.



 FEDERICO G. HINOJOSA

 Justice



Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 1st day of February, 2001.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of
the Texas Supreme Court pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).
2. An appeal may be taken from an interlocutory order of a district court denying
a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon Supp. 2001).