**PHILLIPS PIPELINE COMPANY,**
Appellant,

v.

**C. R. WOODS et al, Appellees.**

No. AB2417.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Dec. 3, 1980.

Rehearing Denied Jan. 7, 1981.

Douglas E. Clarke, Edith H. Jones, James E. Myers, Andrews, Kurth, Campbell & Jones, Houston, for appellant.

David M. Cox, Bryan, Suhr & Cox, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

Appellant, Phillips Pipeline Co. appeals the overruling of its Motion for Partial Summary Judgment and the sustaining of Appellees' Pleas to the Jurisdiction.

Appellant filed its Statement and Petition for Condemnation of a pipeline right of way on November 16, 1976, in the county court-at-law of Harris County. Special commissioners were appointed and after notice and hearing they awarded damages to the land owners. Appellant formally objected and excepted to the award of the special commissioners. On November 15, 1979, Appellees filed their Pleas to the Jurisdiction, Original Answer, and Objections to Award. December 26, Appellant filed its Motion for Partial Summary Judgment, and hearing was set for January 18, 1980. Appellees filed their Response to Plaintiff's Motion on January 11.

The Partial Summary Judgment and Pleas to the Jurisdiction were heard on January 18. On January 23 an Order of Dismissal was signed by the court overruling the Motion for Partial Summary Judgment and sustaining the Pleas to the Jurisdiction. Appellant appeals this ruling.

Findings of fact and conclusions of law were neither timely requested nor filed. Where such is the case, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence, and the trial court judgment must be considered as implying all necessary fact findings in support of its judgment. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968); *Carter v. William Sommerville and Son, Inc.*, 584 S.W.2d 274, 276 (Tex.1979). In reviewing the record to make such determinations, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary. *Carter v. William Sommerville and Son, Inc.*, 584 S.W.2d at 276; *Goodyear Tire & Rubber Co. v. Jefferson Construction Co.*, 565 S.W.2d 916 (Tex.1978).

The record also contains no statement of facts. Absent a statement of facts such facts as are necessary to support a judgment must be presumed to have been found by the court below. *Cloer v. Ford & Calhoun GMC Truck Co.*, 553 S.W.2d 183, 185 (Tex.Civ.App.-Tyler 1977, writ ref'd n.r.e.) However, during oral argument, Appellees conceded that no evidence was presented other than the Summary Judgment proofs which are before us in the transcript. We will, therefore, look solely to these Summary Judgment proofs to determine whether there is any legal theory supported by evidence upon which the order of dismissal can be upheld.

Appellees, in their Pleas to the Jurisdiction contend that Appellant lacked the right of eminent domain and, therefore, the court below lacked jurisdiction. *Benat v. Dallas County*, 266 S.W. 539 (Tex.Civ.App.-Dallas 1924, writ ref'd); *accord, Fraley v. County of Hutchinson*, 278 S.W.2d 462, 463 (Tex.Civ.App.-Amarillo 1954, no writ). Appellees urge two theories in support of this

contention: 1) the subject pipeline is to carry an ethane-propane mixture, while the power of eminent domain is restricted to pipelines carrying crude petroleum; and 2) the subject pipeline is limited in its usage to products and facilities of the owner and is, therefore, not a common carrier pipeline. Appellees seek an interpretation of the law which is too narrow. "Any corporation engaged as a common carrier in the pipeline business for transporting oil, oil products, gas . . . liquefied minerals or other mineral solutions, shall have all the rights and powers conferred by Sections 111.019 through 111.022 Natural Resources Code." Tex.Bus. Corp.Act Ann. art. 2.01 B(3)(b) (Vernon 1980).* Therefore, a pipeline may be a common carrier even though it carries oil products rather than crude.

Appellees urge that Article 2.01B (3)(b) is unconstitutional in that it violates Article III Section 35 of the Texas Constitution. This section provides that no bill shall contain more than one subject, and such subject shall be expressed in its title. The title or caption of the Texas Business Corporation Act of 1955 provides in part that it is, "An Act . . . to provide for powers, duties, authorizations and responsibilities of affected corporations . . . ." We must agree with the conclusion stated in Tex.Atty.Gen.Op.No.M.S. 199 (1955) that "the caption of House Bill 16 [Texas Business Corporation Act of 1955] is fully adequate to serve notice of the subject, nature, and content of the Bill, and thereby complies with the mandatory provision of the Texas Constitution, Article III, Section 35."

We find no evidence in the record that Appellant's pipeline is anything other than a pipeline available to the public for the transportation of oil products. We also find no evidence to support the theory that the subject pipeline is limited in its use to the wells, stations, plants and refineries of the owner and is not a part of the pipeline

---

* Note that the statute as quoted reflects the amendment of 1977 which substituted "Sections 111.019 through 111.022, Natural Resources Code" for "Articles 6020 and 6022, Revised Civil Statutes, 1925." This suit was filed in 1976 before the effective date of the amendment therefore all references will hereafter be to Articles 6020 and 6022, and other pre-amendment eminent domain statutes.

transportation system of any common carrier. Tex.Rev.Civ.Stat.Ann. art. 6018 (Vernon 1962). We do find evidence in the record that the subject pipeline is a common carrier pipeline, and therefore has the power of eminent domain. Tex.Rev.Civ.Stat. Ann. art. 6022 (Vernon 1962).

■ Appellees also contended in their Pleas to the Jurisdiction that Appellant's Petition for Condemnation failed to comply with the procedural requirements of Tex. Rev.Civ.Stat.Ann. art. 3264 (Vernon 1968). This statute requires that the condemnor file a written statement with the court describing the land sought to be condemned, stating the purpose for which it is to be used, the name of the land owner, if known, and that the condemnor and owner have been unable to agree upon the value of the land or damages. We find no evidence in the record which would support a finding that the Statement and Petition for Condemnation failed in these respects. Such Petition contains a detailed property description setting forth the metes and bounds of the tract to be condemned. Such descriptions have been held adequate in condemnation proceedings. *Coastal Industrial Water Authority v. Celanese Corp.*, 592 S.W.2d 597, 601 (Tex.1979). The Petition also contained an adequate statement of the purposes for which the condemned property is to be used: "... for the construction, inspection, operation, maintenance, repair, replacement with the same or different size pipe and removal of a pipeline for transporting gas, liquefied minerals, and other mineral solutions and the normal appurtenances to such pipeline." *Coastal Industrial Water Authority v. Celanese Corp.*, 592 S.W.2d at 600. The Petition also states the names of the owners of the property and that the parties have failed to agree on an amount of damages.

■ Appellees also contended that the Appellant failed to plead and prove the public necessity of the proposed condemnation. Appellant in its Motion for Partial Summary Judgment alleged that, by resolution, its Board of Directors found that public necessity and convenience required the construction of the subject pipeline. This resolution of the Appellant's Board of Directors was attached to the Motion for Partial Summary Judgment and is also part of the summary judgment proofs placed before the court. The power to determine the question of necessity to take particular land for public use under eminent domain may be validly delegated. *Housing Authority v. Higginbotham*, 135 Tex. 158, 143 S.W.2d 79, 87 (1940). A resolution of the Board of Directors of a corporation clothed with the right of eminent domain is a proper method of determining and declaring public necessity. *Houston Lighting and Power Co. v. Fisher*, 559 S.W.2d 682 (Tex.Civ.App.-Houston [14th Dist.] 1977, writ ref'd n.r.e.).

■ Appellees complained in their Pleas to the Jurisdiction that Appellant had failed to give the land owners proper notice of the basis of the damages to which they may be entitled. In a condemnation proceeding the petition serves as such if it so describes the land to be condemned that the parties may be prepared to show the just amount of compensation. *Coastal Industrial Water Authority v. Celanese Corp.*, 592 S.W.2d at 601. The petition filed by Appellant contains such a detailed property description and precise statement of the easement sought. We find no evidence in the record to the contrary.

■ Appellees also urged that Appellant failed to show that good faith negotiations had been attempted prior to the filing of this proceeding. There is no evidence in the record to support such a theory. Further, Appellees' own summary judgment proof shows that Appellees appeared before the special commissioners, participated in that hearing and thus waived any complaint they might have as to the lack of good faith negotiations. *Jones v. City of Mineola*, 203 S.W.2d 1020, 1023 (Tex.Civ.App.-Texarkana 1947, writ ref'd); *accord, Brown v. Lower Colorado River Authority*, 485 S.W.2d 369, 371 (Tex.Civ.App.-Austin 1972, no writ).

We find no probative evidence which would support any legal theory upon which the judgment of the trial court could have

been based. We, therefore, sustain each of Appellant's "no evidence" points with respect to each of such theories. In the trial court below it was Appellant's burden to show strict compliance with the statutory and constitutional prerequisites for jurisdiction. We hold that Appellant has met such jurisdictional requirements. We must, therefore, reverse the judgment of the court below and order this case reinstated.

Because an order denying a Motion for Partial Summary Judgment is interlocutory in nature, this court is without jurisdiction to render judgment on the Motion for Partial Summary Judgment as urged by the Appellant. *Ackerman v. Vordenbaum*, 403 S.W.2d 362 (Tex.1966).

Reversed and remanded and cause ordered reinstated.