

# THE ATTORNEY GENERAL
## OF TEXAS

December 1, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Kent A. Caperton     Opinion No. JM-988
Chairman
Committee on Jurisprudence     Re: Whether the power of emin-
Texas State Senate     ent domain attaches to a
P. O. Box 12068     limited partnership with a
Austin, Texas 78711     corporate general partner where
the partnership owns and oper-
ates a refined petroleum prod-
ucts pipeline (RQ-1560)

Dear Senator Caperton:

You ask:

> Does a limited partnership with a corporate
> general partner that owns and operates a
> refined petroleum products pipeline have
> eminent domain rights?

You do not indicate in your request for an opinion or in the correspondence accompanying your request whether each partner in the limited partnership is a corporation. We conclude that, if each partner in the limited partnership is a corporation, the limited partnership does have the power of eminent domain. However, if even one of the partners is an entity other than a corporation, the limited partnership has no such power.

Section 111.019 of the Natural Resources Code expressly confers the right of eminent domain on "common carriers":

> (a) Common carriers have the right and
> power of eminent domain.
>
> (b) In the exercise of the power of
> eminent domain granted under the provisions
> of Subsection (a) of this section, a common
> carrier may enter on and condemn the land,
> rights-of-way, easements, and property of any
> person or corporation necessary for the

construction, maintenance, or operation of the common carrier pipeline.

The phrase "common carrier" is defined at section 111.002 of the Natural Resources Code:

A person is a common carrier subject to the provisions of this chapter if it:

(1) owns, operates, or manages a pipeline or any part of a pipeline in the State of Texas for the transportation of crude petroleum to or for the public for hire, or engages in the business of transporting crude petroleum by pipeline;

(2) owns, operates, or manages a pipeline or any part of a pipeline in the State of Texas for the transportation of crude petroleum to or for the public for hire and the pipeline is constructed or maintained on, over, or under a public road or highway, or is an entity in favor of whom the right of eminent domain exists;

(3) owns, operates, or manages a pipeline or any part of a pipeline in the State of Texas for the transportation of crude petroleum to or for the public for hire which is or may be constructed, operated, or maintained across, on, along, over, or under the right-of-way of a railroad, corporation, or other common carrier required by law to transport crude petroleum as a common carrier;

(4) under lease, contract of purchase, agreement to buy or sell, or other agreement or arrangement of any kind, owns, operates, manages, or participates in ownership, operation, or management of a pipeline or part of a pipeline in the State of Texas for the transportation of crude petroleum, bought of others, from an oil field or place of production within this state to any distributing, refining, or marketing center or reshipping point within this state;

(5) owns, operates, or manages, wholly or partially, pipelines for the transportation

for hire of coal in whatever form or of any mixture of substances including coal in whatever form; or

(6) owns, operates, or manages, wholly or partially, pipelines for the transportation of carbon dioxide in whatever form to or for the public for hire, but only if such person files with the commission a written acceptance of the provisions of this chapter expressly agreeing that, in consideration of the rights acquired, it becomes a common carrier subject to the duties and obligations conferred or imposed by this chapter. (Emphasis added.)

Section 111.002 of the Natural Resources Code by its terms appears to limit the meaning of "common carrier" to carriers of _crude_ petroleum, as opposed to carriers of _refined_ petroleum. The brief submitted with your request suggests that _Phillips Pipeline Co. v. Woods_, 610 S.W.2d 204 (Tex. Civ. App. - Houston [14th Dist.] 1980, writ ref'd n.r.e.) [hereinafter _Phillips_], stands for the proposition that carriers of refined petroleum products have been conferred eminent domain power as well, not by a section of the Natural Resources Code, but by a provision of the Texas Business Corporation Act. We agree.

In _Phillips_, a pipeline company sought to condemn real property for the purpose of constructing a pipeline that was to carry an ethane-propane mixture, a refined product. The lower court agreed with the landowners challenging the condemnation proceedings that the pipeline company did not have the power of eminent domain because it was not a carrier of crude petroleum. The court of appeals overruled the lower court on this issue because of a specific provision of the Texas Business Corporation Act that confers the power of eminent domain on carriers other than carriers of crude petroleum. _Phillips_, 610 S.W.2d at 206.

Article 2.01 B(3)(b) of the Texas Business Corporation Act provides the following:

B. No corporation may adopt this Act or be organized under this Act or obtain authority to transact business in this State under this Act:

. . . .

(3)  If  among  its  purposes  for  the
transaction of business in this State,  there
is included, however worded, a combination of
the two businesses listed in either of the
following:

.  .  .  .

(b)  The  business  of  engaging  in  the
petroleum  oil  producing  business  in  this
State and the  business of engaging  directly
in the oil pipe line business in this  State:
provided, however, that a corporation engaged
in the oil producing  business in this  State
which owns or operates private pipe lines  in
and about its refineries, fields or  stations
or which owns  stock of corporations  engaged
in the oil  pipe line business  shall not  be
deemed to  be engaging  directly in  the  oil
pipe  line  business  in  this  State;  and
provided that  any corporation,  or group  of
corporations acting  in  partnership or  other
combination with other corporations,  engaged
as a common carrier in the pipe line business
for  transporting  oil,  oil  products,  gas,
carbon dioxide,  salt  brine,  fuller's  earth,
sand,  clay,  liquified  minerals  or  other
mineral solutions,  shall  have  all  of  the
rights  and  powers  conferred  by  Section
111.019 through  111.022,  Natural  Resources
Code.  (Emphasis added.)[1]

Subsection B(3)(b)  of  article  2.01,  Texas  Business
Corporation Act,  was  contained  in  the  original  1955
enactment of the Business  Corporation Act in  substantially
the same form as it  now reads.  A 1973 amendment  corrected
the  citation  to  the  relevant  sections  of  the  Natural
Resources Code after that code was recodified.  By the  very
terms of subsection  B(3)(b) of  article 2.01,  it is  clear
that certain  pipeline carriers  that carry  products  other
than crude petroleum are conferred the same power of eminent
domain  as  carriers  of  crude  petroleum.  The  remaining

---

1.  We note that corporations that are created for the
purpose of  both producing  oil  and  transporting  it  by
pipeline are governed, not by the Texas Business Corporation
Act, but by the Natural Resources Code.

question is whether such a common carrier organized as a limited partnership may exercise that power.

The relevant proviso of subsection B(3)(b) of article 2.01, Texas Business Corporation Act, confers the power of eminent domain on a common carrier of, _inter alia_, oil products, organized as "any corporation, or group of corporations acting in partnership or other combination with other corporations." For the reasons discussed below, we construe subsection B(3)(b) of article 2.01 of the Texas Business Corporation Act to permit an otherwise qualified carrier organized as a limited partnership with a corporate general partner to exercise the power of eminent domain, only if each partner of such a limited partnership itself is a corporation.

First, a maxim of statutory construction states that the express mention of one thing implies exclusion of another. _State v. Mauritz-Wells Co._, 175 S.W.2d 238 (Tex. 1943); _Harris County v. Dowlearn_, 489 S.W.2d 140 (Tex. Civ. App. - Houston [14th Dist.] 1972, writ ref'd n.r.e.). The express mention in subsection B(3)(b) of article 2.01, Texas Business Corporation Act, of corporations and partnerships or other business combinations consisting of corporations indicates that the legislature intended that each partner in a limited partnership exercising the power of eminent domain itself be a corporation.

Second, and even more compelling, Texas courts always have required that the power of eminent domain be conferred specifically by the legislature; the power of eminent domain will not be conferred from a doubtful inference. _Burch v. City of San Antonio_, 518 S.W.2d 540, 544 (Tex. 1975); _Coastal States Gas Producing Co. v. Pate_, 309 S.W.2d 828, 831 (Tex. 1958). Statutes that confer the power of eminent domain are construed strictly in favor of the landowner and against the entity attempting to exercise such power. _Coastal States Gas Producing Co. v. Pate_, _supra_; _Tenngasco Gas Gathering Co. v. Fischer_, 653 S.W.2d 469 (Tex. Civ. App. - Corpus Christi 1983, writ ref'd n.r.e.).

Accordingly, we construe subsection B(3)(b) of article 2.01, Texas Business Corporation Act, to require that each partner of a partnership that is an otherwise qualified carrier of oil products and that exercises the power of eminent domain itself be a corporation.

### S U M M A R Y

A limited partnership with a corporate general partner that owns and operates a refined petroleum products pipeline is conferred the power of eminent domain pursuant to subsection B(3)(b) of article 2.01 of the Texas Corporation Act, but only if each partner, whether limited or general, is itself a corporation.

Very truly yours,

J I M    M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General