Honorable Kent A. Caperton Chairman Committee on Jurisprudence Texas State Senate P.O. Box 12068 Austin, Texas 78711
Re: Whether the power of eminent domain attaches to a limited partnership with a corporate general partner where the partnership owns and operates a refined petroleum products pipeline (RQ-1560)
Dear Senator Caperton:
You ask:
 Does a limited partnership with a corporate general partner that owns and operates a refined petroleum products pipeline have eminent domain rights?
You do not indicate in your request for an opinion or in the correspondence accompanying your request whether each partner in the limited partnership is a corporation. We conclude that, if each partner in the limited partnership is a corporation, the limited partnership does have the power of eminent domain. However, if even one of the partners is an entity other than a corporation, the limited partnership has no such power.
Section 111.019 of the Natural Resources Code expressly confers the right of eminent domain on "common carriers":
(a) Common carriers have the right and power of eminent domain.
 (b) In the exercise of the power of eminent domain granted under the provisions of Subsection (a) of this section, a common carrier may enter on and condemn the land, rights-of-way, easements, and property of any person or corporation necessary for the construction, maintenance, or operation of the common carrier pipeline.
The phrase "common carrier" is defined at section 111.002 of the Natural Resources Code:
 A person is a common carrier subject to the provisions of this chapter if it:
 (1) owns, operates, or manages a pipeline or any part of a pipeline in the State of Texas for the transportation of crude petroleum to or for the public for hire, or engages in the business of transporting crude petroleum by pipeline;
 (2) owns, operates, or manages a pipeline or any part of a pipeline in the State of Texas for the transportation of crude petroleum to or for the public for hire and the pipeline is constructed or maintained on, over, or under a public road or highway, or is an entity in favor of whom the right of eminent domain exists;
 (3) owns, operates, or manages a pipeline or any part of a pipeline in the State of Texas for the transportation of crude petroleum to or for the public for hire which is or may be constructed, operated, or maintained across, on, along, over, or under the right-of-way of a railroad, corporation, or other common carrier required by law to transport crude petroleum as a common carrier;
 (4) under lease, contract of purchase, agreement to buy or sell, or other agreement or arrangement of any kind, owns, operates, manages, or participates in ownership, operation, or management of a pipeline or part of a pipeline in the State of Texas for the transportation of crude petroleum, bought of others, from an oil field or place of production within this state to any distributing, refining, or marketing center or reshipping point within this state;
 (5) owns, operates, or manages, wholly or partially, pipelines for the transportation for hire of coal in whatever form or of any mixture of substances including coal in whatever form; or
 (6) owns, operates, or manages, wholly or partially, pipelines for the transportation of carbon dioxide in whatever form to or for the public for hire, but only if such person files with the commission a written acceptance of the provisions of this chapter expressly agreeing that, in consideration of the rights acquired, it becomes a common carrier subject to the duties and obligations conferred or imposed by this chapter. (Emphasis added.)
Section 111.002 of the Natural Resources Code by its terms appears to limit the meaning of "common carrier" to carriers of crude petroleum, as opposed to carriers of refined petroleum. The brief submitted with your request suggests that Phillips Pipeline Co. v. Woods, 610 S.W.2d 204 (Tex.Civ.App.-Houston [14th Dist.] 1980, writ ref'd n.r.e.) [hereinafter Phillips], stands for the proposition that carriers of refined petroleum products have been conferred eminent domain power as well, not by a section of the Natural Resources Code, but by a provision of the Texas Business Corporation Act. We agree.
In Phillips, a pipeline company sought to condemn real property for the purpose of constructing a pipeline that was to carry an ethane-propane mixture, a refined product. The lower court agreed with the landowners challenging the condemnation proceedings that the pipeline company did not have the power of eminent domain because it was not a carrier of crude petroleum. The court of appeals overruled the lower court on this issue because of a specific provision of the Texas Business Corporation Act that confers the power of eminent domain on carriers other than carriers of crude petroleum. Phillips, 610 S.W.2d at 206.
Article 2.01 B(3)(b) of the Texas Business Corporation Act provides the following:
 B. No corporation may adopt this Act or be organized under this Act or obtain authority to transact business in this State under this Act:
. . . .
 (3) If among its purposes for the transaction of business in this State, there is included, however worded, a combination of the two businesses listed in either of the following:
. . . .
 (b) The business of engaging in the petroleum oil producing business in this State and the business of engaging directly in the oil pipe line business in this State: provided, however, that a corporation engaged in the oil producing business in this State which owns or operates private pipe lines in and about its refineries, fields or stations or which owns stock of corporations engaged in the oil pipe line business shall not be deemed to be engaging directly in the oil pipe line business in this State; and provided that any corporation, or group of corporations acting in partnership or other combination with other corporations, engaged as a common carrier in the pipe line business for transporting oil, oil products, gas, carbon dioxide, salt brine, fuller's earth, sand, clay, liquified minerals or other mineral solutions, shall have all of the rights and powers conferred by Section 111.019 through 111.022, Natural Resources Code. (Emphasis added.)[1]
Subsection B(3)(b) of article 2.01, Texas Business Corporation Act, was contained in the original 1955 enactment of the Business Corporation Act in substantially the same form as it now reads. A 1973 amendment corrected the citation to the relevant sections of the Natural Resources Code after that code was recodified. By the very terms of subsection B(3)(b) of article 2.01, it is clear that certain pipeline carriers that carry products other than crude petroleum are conferred the same power of eminent domain as carriers of crude petroleum. The remaining question is whether such a common carrier organized as a limited partnership may exercise that power.
The relevant proviso of subsection B(3)(b) of article 2.01, Texas Business Corporation Act, confers the power of eminent domain on a common carrier of, inter alia, oil products, organized as "any corporation, or group of corporations acting in partnership or other combination with other corporations." For the reasons discussed below, we construe subsection B(3)(b) of article 2.01 of the Texas Business Corporation Act to permit an otherwise qualified carrier organized as a limited partnership with a corporate general partner to exercise the power of eminent domain, only if each partner of such a limited partnership itself is a corporation.
First, a maxim of statutory construction states that the express mention of one thing implies exclusion of another. State v. Mauritz-Wells Co., 175 S.W.2d 238 (Tex. 1943); Harris County v. Dowlearn, 489 S.W.2d 140 (Tex.Civ.App.-Houston [14th Dist.] 1972, writ ref'd n.r.e.). The express mention in subsection B(3)(b) of article 2.01, Texas Business Corporation Act, of corporations and partnerships or other business combinations consisting of corporations indicates that the legislature intended that each partner in a limited partnership exercising the power of eminent domain itself be a corporation.
Second, and even more compelling, Texas courts always have required that the power of eminent domain be conferred specifically by the legislature; the power of eminent domain will not be conferred from a doubtful inference. Burch v. City of San Antonio, 518 S.W.2d 540, 544 (Tex. 1975); Coastal States Gas Producing Co. v. Pate, 309 S.W.2d 828, 831 (Tex. 1958). Statutes that confer the power of eminent domain are construed strictly in favor of the landowner and against the entity attempting to exercise such power. Coastal States Gas Producing Co. v. Pate, supra; Tenngasco Gas Gathering Co. v. Fischer, 653 S.W.2d 469
(Tex.Civ.App.-Corpus Christi 1983, writ ref'd n.r.e.).
Accordingly, we construe subsection B(3)(b) of article 2.01, Texas Business Corporation Act, to require that each partner of a partnership that is an otherwise qualified carrier of oil products and that exercises the power of eminent domain itself be a corporation.
 SUMMARY
A limited partnership with a corporate general partner that owns and operates a refined petroleum products pipeline is conferred the power of eminent domain pursuant to subsection B(3)(b) of article 2.01 of the Texas Corporation Act, but only if each partner, whether limited or general, is itself a corporation.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jim Moellinger Assistant Attorney General
[1] We note that corporations that are created for the purpose of both producing oil and transporting it by pipeline are governed, not by the Texas Business Corporation Act, but by the Natural Resources Code.