In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00153-CV

____________


EXXONMOBIL PIPELINE COMPANY, Appellant


V.


WILLIAM S. BELL, Appellee






On Appeal from the County Court at Law No. 1

Waller County, Texas

Trial Court Cause No. 95-10-13,195






O P I N I O N

FACTUAL BACKGROUND

 On March 1, 1995, the board of directors of appellant, ExxonMobil, passed a
resolution determining that there was a public necessity to construct a common carrier
pipeline from Katy Gas Plant in Waller County, Texas, through Fort Bend County to a
location in Brazoria County. ExxonMobil negotiated with appellee, William S. Bell, to
acquire an easement for its common carrier pipeline. On May 11, 1995, ExxonMobil made
a final offer to Bell for the easement and ancillary rights it was taking. The offer was for (1)
the condemnable easement, (2) the right to assign the proposed easement, and (3) an
obligation on Bell to warrant and defend title of the proposed easement to ExxonMobil. 
ExxonMobil's final offer was for $4,296, which was determined to be the fair market value
of the easement by an independent appraiser. ExxonMobil's final offer was contained in a
final offer letter, and attached to the letter was a form of easement and right-of-way
agreement. Bell received ExxonMobil's final offer letter and did not respond. 

 On July 14, 1995, ExxonMobil's board of directors adopted a second resolution
finding that good faith efforts to acquire an easement from Bell by negotiations had been
unsuccessful. ExxonMobil's resolution confirmed that a public necessity existed for a
common carrier pipeline that required an easement across Bell's property in Waller County. 
 On July 20, 1995, ExxonMobil filed its statement and petition in condemnation
requesting that three special commissioners be appointed to determine the amount of
damages to be awarded to Bell. Bell did not appear at the special commissioners' hearing,
which determined the amount of compensation ExxonMobil was to pay for the easement. 
ExxonMobil deposited the amount of compensation determined by the commissioners, took
possession of the easement, and installed a pipeline.

 


PROCEDURAL HISTORY

 Bell filed objections to the award of the special commissioners and demanded a jury
trial. See Tex. Prop. Code Ann. § 21.018 (Vernon 2001). ExxonMobil moved for a partial
summary judgment on its right to condemn and asserted that no disputed facts were before
the court. Bell filed a response to ExxonMobil's motion for partial summary judgment and
combined it with a cross-motion for partial summary judgment. In his cross-motion, Bell
contended that ExxonMobil had failed to negotiate in good faith. Following a hearing on the
motion and cross-motion for partial summary judgment, the trial court granted ExxonMobil's
motion for partial summary judgment. In granting the motion, the trial court found that
ExxonMobil had negotiated in good faith and ExxonMobil and Bell were unable to agree.

 On August 10, 2000, Bell filed a plea to the jurisdiction and motion to dismiss for
want of jurisdiction based on an opinion issued from this court on July 27, 2000 in Hubenak
v. San Jacinto Gas Transmission Co., No. 01-99-00691-CV (Tex. App.--Houston [1st Dist.]
July 27, 2000), withdrawn, 65 S.W.3d 791, 796 (Tex. App.--Houston [1st Dist], 2002). 
Specifically, Bell argued that ExxonMobil did not negotiate in good faith prior to filing its
statement and petition in condemnation and failed to satisfy the "unable to agree
requirement" under section 21.012 of the Texas Property Code, and, therefore, the trial court
did not have subject matter jurisdiction. The trial court granted Bell's motion to dismiss and
dismissed ExxonMobil's statement and petition in condemnation. ExxonMobil moved for
a new trial, and the trial court overruled ExxonMobil's motion for a new trial. 

 On December 13, 2001, this Court withdrew its original Hubenak opinion and issued
a new opinion. See Hubenak, 65 S.W.3d at 791. 

DISCUSSION


The Hubenak Cases

 In Hubenak, the trial court ordered four condemnation cases dismissed, holding that
the condemnor of the land had failed to satisfy the "unable to agree requirement," which is
a statutory prerequisite to jurisdiction. See No. 01-99-00691-CV, WL 1056416 at 5. The
trial court held that the "unable to agree" requirement is not satisfied unless the condemnor's
corporate resolution specifies each property right being negotiated. The original Hubenak
opinion stated that,

 regardless of whether San Jacinto could have condemned for the three rights, San
Jacinto's board of director's resolution did not outline those three rights as necessary. 
San Jacinto should have first made an offer only for the rights that were outlined in
the board of director's resolution. That offer would have been bona fide. 

Id. at 5.

 

 As stated previously, the original Hubenak opinion was withdrawn and another
opinion was issued on motions for rehearing. In the substituted opinion, which is now the
opinion of this Court, the Court held that, in conferring jurisdiction, the section 21.012 Texas
Property Code requires no more than the condemning entity's offer of what it feels is just or
adequate compensation, based on a reasonably thorough investigation and honest assessment
of the property taken. Hubenak, 65 S.W.3d at 801. A condemning entity is not precluded
from negotiating for, offering to buy, and buying more than it may condemn. Id. As long
as just or adequate compensation is offered for the property to be taken, section 21.012 of the
Texas Property Code permits jurisdiction when a condemning entity makes a combined offer
for those property rights it may condemn along with any additional property rights. Id. 

 If the condemnor makes a bona fide offer and the condemnor and landowner are
unable to agree, then the condemnor has acted in good faith and may proceed with the
condemnation. See Hubenak , 65 S.W.3d at 796. A single offer by a condemnor will satisfy
the unable-to-agree requirement, if it is a bona fide offer. Id. at 798. A condemnor is not
required to continue to attempt negotiations, when any further attempts to agree with the
landowner appear to be futile. When an attempt to agree on the value of the property in
question would be futile, no attempt need be made. Id.

 The only point of error is whether the trial court's order dismissing ExxonMobil's
condemnation, which was premised on the since-withdrawn opinion and is inconsistent with
the substituted opinion, should be reversed.

Eminent Domain

 ExxonMobil, as a common carrier, is accorded the power of eminent domain. See
Tex. Bus. Corp. Act Ann. art. 2.01 (B) (3)(b) (Vernon Supp. 2001). Eminent domain is the
right or power of a sovereign state to appropriate private property for the promotion of the
general welfare of its citizens. Tex. Highway Dep't v. Weber, 219 S.W.2d 70, 72 (Tex.
1949). The State of Texas has the power through its legislature to delegate the power of
eminent domain to certain private entities such as common carrier pipelines. Mercier v.
MidTexas Pipeline Co., 28 S.W.3d 712, 716-18 (Tex. App.--Corpus Christi 2000, pet.
denied). The determination of whether there is a public necessity for a particular project is
left to the discretion of the entity that has been granted the power of eminent domain. A
resolution of the board of directors of a corporation with the power of eminent domain is the
proper method for determining public convenience and necessity. Phillips Pipeline Co. v.
Woods, 610 S.W.2d 204, 207 (Tex. App.--Houston [14th Dist.]1980, writ ref'd n.r.e.).

Statutorily Required Good Faith Negotiations

 After the condemnor determines the necessity of the taking, it negotiates with the
landowner, and it must make a bona fide attempt to agree with the landowner. Hubenak, 65
S.W.3d at 796. Section 21.012 of the Texas Property Code provides, in pertinent part,

 (a) If . . . a corporation with eminent domain authority . . . wants to acquire property
for public use but is unable to agree with the owner of the property on the amount of
damages, the condemning entity may begin a condemnation proceeding by filing a
petition in the proper court.


 (b) The petition must: 


 . . . .


 (4) state that the entity and the property owner are unable to agree on the damages.


TEX. PROP. CODE ANN. § 21.012 (Vernon 2001) (emphasis added). 

 The condemnor's duty to engage in good faith negotiations to acquire the property is
a jurisdictional requirement to filing suit under section 21.012. Hubenak, 65 S.W. 3d at 797. 
To show the jurisdiction of the court in a condemnation case, the condemnor must prove
strict compliance with section 21.012. Id. at 796. The "unable to agree" condition refers to
a bona fide offer by the condemnor to pay the estimated true value of the land. Hubenak, 65
S.W.3d at 797; State v. Schmidt, 894 S.W.2d 543, 544-45 (Tex. App.-- Austin 1995, no
writ). The condemnor has the burden of pleading and proving that before it initiated the
condemnation proceeding, it was "unable to agree" with the landowner as to the amount of
damages that would result from the taking. Hubenak, 65 S.W.3d at 796. Without such
pleading and proof, the trial court has no jurisdiction to entertain the proceeding or grant the
requested relief.  Id. Analysis

 On appeal, Bell rests his entire argument on the fact that ExxonMobil sought property
rights in addition to the condemnable easement. Bell argues that the negotiations were not
in good faith because not only did ExxonMobil seek the easement, but also the right to assign
the easement and a warranty of title on the easement. This is the same argument that Bell
made in his plea to the jurisdiction and motion to dismiss for want of jurisdiction. 

 Bell relies on MidTexas Pipeline Company v. Dernehl from the Texarkana Court of
Appeals for support. 71 S.W.3d 852, 857-58 (Tex. App.-- Texarkana, 2002, no pet. hist.). 
Even though MidTexas Pipeline supports his contention, it is in direct conflict with the
Hubenak opinion issued by this Court. We follow the precedent from our own court laid out
in Hubenak and respectfully decline to follow the Texarkana opinion. We hold that a
condemnor is not limited to negotiating for only the condemned easement and may negotiate
for and offer to buy more than it condemns. (1) We sustain ExxonMobil's sole point of error.Conclusion

 We reverse the court's order to dismiss and remand the cause to the trial court.

 


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Radack, and Price. (2)

Publish. Tex. R. App. P. 47.



1. Since a condemnor may negotiate for more rights than it may condemn we need not
address whether assignability of the easement and warranty were condemnable.
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.