Graham D Williford and RIchard Williford, Trustee v. Pinnacle Gas Treating















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00082-CV

     GRAHAM D. WILLIFORD,
                                                                              Appellant
     v.

     PINNACLE GAS TREATING, INC.,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 97-096-B

*******************

No. 10-02-00102-CV

     RICHARD WILLIFORD, TRUSTEE,
                                                                              Appellant
     v.

     PINNACLE GAS TREATING, INC.,
                                                                              Appellee
 

From the 77th District Court
Freestone County, Texas
Trial Court # 97-132-B


                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      The Texas Supreme Court has granted petition on the issue central to these appeals:
whether a condemnor can satisfy the jurisdictional requirement that it negotiate in good faith
with a landowner prior to initiating a condemnation proceeding when it negotiates for property
rights in excess of what the condemnor seeks to obtain. MidTexas Pipeline Co. v. Dernehl, 71
S.W.3d 852 (Tex. App.—Texarkana 2002, pet. granted); Cusack Ranch Corp. v. MidTexas
Pipeline Co., 71 S.W.3d 395 (Tex. App.—Corpus Christi 2001, pet. granted); Hubenak v. San
Jacinto Gas Transmission Co., 65 S.W.3d 791 (Tex. App.—Houston [1st Dist.] 2001, pet.
granted). Petitions for review have been filed in two more cases. Pitts v. Sabine River
Authority of Texas, 107 S.W.3d 811 (Tex. App.—Texarkana 2003, pet. filed); ExxonMobile
Pipeline Co. v. Harrison Interests, Ltd., 93 S.W.3d 188 (Tex. App.—Houston [14th Dist.]
2002, pet. filed).
      The courts of appeals that have addressed this issue are divided.


 The courts in Houston
and Corpus Christi have answered the question affirmatively. ExxonMobile Pipeline Co. v.
Harrison Interests, Ltd., 93 S.W.3d 188 (Tex. App.—Houston [14th Dist.] 2002, pet. filed);
ExxonMobile Pipeline Co. v. Bell, 84 S.W.3d 800 (Tex. App.—Houston [1st Dist.] 2002, pet.
dism’d by agr.); Cusack Ranch Corp. v. MidTexas Pipeline Co., 71 S.W.3d 395 (Tex.
App.—Corpus Christi 2001, pet. granted); Hubenak v. San Jacinto Gas Transmission Co., 65
S.W.3d 791 (Tex. App.—Houston [1st Dist.] 2001, pet. granted). The court in Texarkana has
answered the question negatively. MidTexas Pipeline Co. v. Dernehl, 71 S.W.3d 852 (Tex.
App.—Texarkana 2002, pet. granted).


 We agree with the reasoning presented by the Houston
and Corpus Christi courts.
      Therefore, the Willifords’s first issue is overruled. Because we overrule their first issue,
we need not discuss their third issue. The Willifords’s remaining issues are improperly briefed
and we decline to address them. Tex. R. App. P. 38.1; Batto v. Gafford, 119 S.W.3d 346,
350 (Tex. App.—Waco 2003, no pet.).
      The trial court’s judgment is affirmed.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



      (Justice Vance dissents with note: I agree with the Texarkana Court that the jurisdictional
“unable to agree” requirement in section 21.012(a) of the Property Code was intended by the
legislature to require an offer “for the purchase price of the property [interest] to be
condemned,” not a negotiation that included other properties or rights beyond that being
condemned. MidTexas Pipeline Co. v. Dernehl, 71 S.W.3d 852, 858 (Tex. App.—Texarkana
2002, pet. granted).)
Affirmed
Opinion delivered and filed June 23, 2004
[CV06]